## COULDREN VS. CAUGHEY.

*Appeal. Attachment.*

29  317
d108  480
108  481

1. An order discharging an attachment is appealable under subd. 3, sec. 10, ch. 264, laws of 1860.
2. It is only after *written* notice of the making of such order is given to the attachment plaintiff, that the thirty days for appealing begin to run.
3. An appeal properly taken within the provisions of said subdivison 3, will not be dismissed because the judge made an order *continuing the attachment* without a proper compliance with the provisions of ch. 139, laws of 1861, in relation to that subject.
4. The mere deposit by a debtor with a third person, for safe keeping, of promissory notes or other securities for the payment of money to him, or of any other personal property, is not a fraudulent disposition thereof, as against creditors, which will authorize an attachment on that ground.

APPEAL from the Circuit Court for *Green* County.

This was an action to recover back money which plaintiff had paid as accommodation indorser for defendant. A writ of attachment was issued therein upon plaintiff's affidavit, which alleged as grounds for the writ, that deponent "has good reason to believe that the defendant is a non-resident of the state of Wisconsin, and has become such since the commencement of this action; and that he has good reason to believe that said C. has disposed of his property with intent to defraud his creditors."

The defendant traversed the affidavit, absolutely denying both of those allegations; and the issue upon such traverse was tried at the March term, 1871.

The plaintiff, to maintain the issue on his part, introduced the note indorsed and paid by him, and testified that after the note became due, the defendant, in reply to the question why he had not paid it, said that he did not intend to pay it, and would not pay it; that plaintiff might pay it; that the plaintiff's son had taken advantage of him, and therefore plaintiff

might pay it and take it out of his son. He also showed by a wit-
ness, one Ball, that defendant had sold his interest in a farm to
his brothers, and taken their notes to the amount of $3,000 or
more, which notes he had deposited with Goddard & Miller,
and that he gave Ball an order therefor to secure him for be-
coming bail for defendant's appearance at court in a certain
trial; that Ball had an impression that somebody said, at the
time such order was given, that nobody need know that he had
the notes, but he was not sure whether he himself or the de-
fendant said it; that defendant authorized him to sell the notes,
and afterward went to Dakota, leaving behind him no other
property; that a mortgage given to secure such notes was not
transferred to him, and that defendant discharged it without his
knowledge; that, supposing he was discharged by defendant's
appearance at court, he delivered up the notes and defendant
left them with his uncle John, but afterward, learning that he
was still liable, Ball procured the notes to be delivered to him
again. He also proved some of the same facts by other wit-
nesses, and it was admitted that one of defendant's brothers
knew of the existence of the note in suit at the time he bought
defendant's interest in the farm.

Upon the evidence thus introduced by the plaintiff, the
court determined the traverse in favor of the defendant, and
ordered the attachment to be dismissed and dissolved. The
bill of exceptions stated that the plaintiff immediately gave
notice of an appeal from such order, and within three days tend-
ered to the defendant the undertaking required by the provisions
of sec. 2, chap. 139 of the general laws of 1861. A written notice
of appeal was not served until more than two months later.

The court, having approved the undertaking, made an order
continuing the attachment.

The defendant moved this court to dismiss the appeal, on the
ground that the notice of appeal was not given immediately; and
that motion was argued and decided at the same time with the
appeal.

*H. Medbury*, for respondent, in support of the motion to dismiss, argued that the notice of appeal, served more than two months after the order was entered, was not in compliance with section 2, chap. 139, Laws of 1861, which required it to be *immediate*, and that the order continuing the attachment was irregular, being made first, and could not be supported by a notice of appeal afterward given, and the appeal must therefore fall, citing *Punch v. New Berlin*, 20 Wis., 189 ; and that the plaintiff, having secured to himself all the benefits of that statute by the order continuing the attachment, to the injury of the defendant, was estopped from saying that his appeal was not taken in pursuance thereof.

As to the merits of the appeal, he contended that the finding of the judge upon the questions of fact tried before him should not be reversed, there being evidence to support it, citing *Kibbe v. Howard*, 7 Wis., 150 ; *Hutchinson v. Eaton*, 9 Wis., 22 ; *Evans v. Bennett*, 7 Wis., 404 ; *Heeron v. Beckwith*, 1 Wis., 17 ; and that there was no evidence of any fraudulent disposition or concealment of property, but the acts of the defendant relative to the notes was explained.

*B. Dunwiddie*, for appellant, opposing the motion to dismiss, argued that the notice and bonds mentioned in chap. 139, Laws of 1861, were mere preliminary proceedings on which to base the order continuing the attachment, and were not to be sent to the supreme court ; that the appellant was entitled to thirty days after written notice of the entry of the order in which to settle and serve a bill of exceptions, and to require him to perfect his appeal by service of a written notice and undertaking as provided by chap. 264, Laws of 1860, within three days, would deprive him of the right to such bill of exceptions, where it might be necessary, as it could not be settled within that time, nor after the appeal was perfected ; that the respondent was concluded by the statement in the bill of exceptions as to notice being given and could not raise that question here ; that his remedy, if aggrieved, was to move the circuit court to vacate

the order continuing the attachment, or to appeal from it ; and that no written notice of the order discharging the attachment had been served on appellant.

As to the merits of the appeal, he argued that the defendants' refusal to pay the note which plaintiff had indorsed, and his subsequent sale of all his visible property and disposition of the notes and mortgage received therefor, were evidence of his design to secrete his property and thereby defraud his creditors, and the finding of the court was therefore contrary to the evidence.

DIXON, C. J.    The motion to dismiss the appeal in this case must be denied.    An examination of the record shows that the appeal was regularly taken, according to the requirements of the general law, by the service of notice and filing of the proper undertaking with the clerk on the 24th day of May, 1871. Laws of 1860, ch. 264, secs. 21, 29.    The order being one which *refused* or set aside a provisional remedy, there can be no doubt about its appealability.    Id., sec. 10, subd. 3 ; *Noonan v. Orton*, 28 Wis., 386.    And although the order discharging the attachment was made on the 17th of March, and the appeal not taken until the 24th of May thereafter, yet, as it does not appear that any *written* notice of the making of the order had been given to appellant, it follows that the thirty days prescribed by section 9 had not begun to run.    *Corwith v. The State Bank of Illinois*, 18 Wis., 560.

The appeal having been thus regularly perfected, it follows that it cannot be dismissed because it was not taken in pursuance of chapter 139, Laws of 1861, or because the appellant failed to comply with the provisions of that chapter so as to secure a continuance of the attachment pending the appeal.    It appears from the record, that the appellant did enter into and tender an undertaking with surety to respondent, upon which the court below made an order continuing the attachment until the decision of the appeal, or until the further order of the

Couldren vs. Caughey.

court; and it is objected that such undertaking was insufficient, because "immediate notice of appeal" was not given, and because the undertaking was made *before* such notice, and not "within three days thereafter," as required by the act. But, whether such undertaking was properly given or not, or whether the court below was right or wrong in making the order continuing the attachment, are obviously questions not before us on this appeal. They can constitute no ground for, and cannot be considered for the purpose of dismissing the appeal from the original order, which, as has been seen, was regularly and properly taken and perfected.

Upon the merits of the order appealed from, we quite agree with the court below, and think the attachment was properly dissolved. The only ground upon which the proceeding is sought to be sustained is, that the defendant had disposed of his property with intent to defraud his creditors. Upon this issue the evidence on the part of the plaintiff in support of it almost entirely failed. It is true that the declarations of the defendant, made to the plaintiff, that he would not pay the debt, and the reasons assigned by him for it, have some tendency to show a fraudulent intent. But the great effort was to show a *secret* disposition by the defendant of the promissory notes for $3,000 received by him on the sale of his interest in the farm, as to which the proof made by plaintiff was signally defective and insufficient. The possession of the notes by the witness Ball was fully explained, and was for a justifiable purpose, and entirely innocent and proper; and, although the witness was strongly pressed to say that there was some agreement or understanding between him and the defendant, or request on the part of the latter, as to witness' possession of the notes being kept a secret, yet nothing of the kind was shown. And so with regard to the possession of the notes by Goddard and Miller, and by the defendant's uncle John; no fraudulent intent or purpose in delivering the notes to those parties was shown.

At most, it appears that the notes were only deposited with

them for safe keeping. They were not sold or disposed of, nor any attempt made to transfer them secretly in order that the defendant might obtain the proceeds free from the claims of his creditors. It appears that the defendant contemplated being and was absent a considerable part of the time from the state, which may sufficiently explain why he wished to make such deposit of the notes with some one here. At all events, the mere deposit of such securities, or of any other property, with some third person for safe keeping, that being shown and nothing more, which is all that can be inferred from the testimony here, is not a fraudulent disposition of it as to creditors within the meaning of the statute authorizing the issuing of the writ of attachment on that ground.

*By the Court.*—Order affirmed.