## ORTON vs. NOONAN and DOWNER.

PRACTICE. (1) *Time for appealing from order; effect of service of notice of appeal etc., as proof or waiver of written notice of the order.* (2) *Time allowed for moving to vacate order of arrest.* (3) *Waiver of right to such motion.* (4) *What affidavit for an arrest must show, in action for malicious prosecution, etc.* (5) *Amendment of affidavit — when too late.*

1. The time limited for appealing from an order does not begin to run until a *written* notice of such order has been served (*Corwith v. State Bank of Ill.*, 18 Wis., 560); and a service on the respondent by the intending appellant, of a notice of appeal and copy of undertaking (the appeal not being otherwise perfected), is neither a *waiver* of such written notice nor proof that it has been served.

2. The statute (R. S., ch. 127, secs. 16 and 27), must be construed as giving a defendant who has been arrested and offered bail, the right to move to vacate the order of arrest at any time within ten days after such order, with a certified copy of the undertaking, has been returned to the plaintiff, or until the bail has actually justified; and

the fact that plaintiff, upon the return of the order of arrest, etc., immediately endorses upon the undertaking his acceptance thereof, will not deprive defendant of his right to such motion.

3. Whether defendant's right to move to vacate the order of arrest would be *waived* by his serving a notice of retainer and demand of a copy of the complaint, is not here decided; it appearing that such notice and demand in this case were served *on the same day* as the notice of the motion to vacate, and there being no evidence as to which was served first.

4. To justify an *order of arrest* in an action for malicious prosecution and false imprisonment, the *facts* which are relied on by the plaintiff as *prima facie* evidence of the want of probable cause in the prosecution complained of, though they need not be alleged in the complaint, must be set forth in the affidavit for the order; and a mere statement therein, in general terms, that such prosecution was malicious and without probable cause, is not sufficient.

5. On the hearing of the motion to vacate the order of arrest in such a case, it is too late to amend the plaintiff's affidavit by inserting the requisite statement of facts.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff commenced an action against the defendants for malicious prosecution and false imprisonment, and obtained from a court commissioner, upon affidavit, an order for the arrest of the defendants. The county court, upon defendants' motion, vacated the order of arrest, on the ground that the affidavit therefor was insufficient; and the plaintiff appealed from this order of the county court. The case is more fully stated in the opinion.

*J. J. Orton*, appellant, in person, to the point that the giving of notice of retainer and demanding a copy of the complaint was a waiver of any defect in the affidavit or irregularity in the order of arrest, cited 1 Whit. Pr., 227, 425, and cases there cited; 1 Burr. Pr., 98, 106, 107, 473, 474, and cases there cited; *Hyde v. Patterson*, 1 Abb. Pr. R., 248; *Desborough v. Copinger*, 8 Term, 77; *Webb v. Mott*, 6 How. Pr. R., 439; *Norton v. Danvers*, 7 Term, 375; *Stewart v. Howard*, 15 Barb., 26; *Dole v. Manley*, 11 How. Pr. R., 138; *Ballouhey v. Cadot*, 3 Abb. Pr. R., N. S., 122; Voorhies' Code, 177, sec. 139c. The

affidavit and order of arrest is part of process (*Shawman v. Whalley*, 6 Taunt., 185), and objection to it must be taken in season, and may be waived by any subsequent step. 7 Term, 375. 2. To the point that the right to move to vacate the order was waived by the giving of bail by defendants, its acceptance by plaintiff, and the consequent discharge of the defendants, he cited 1 Whit. Pr. R., 227, 425; *Webb v. Mott*, 6 How. Pr. R., 439; *Dale v. Radcliff*, 5 id., 71; *Jones v. Price*, 1 East, 81; *D'Argent v. Vivant*, id., 330; *Pixley v. Winchell*, 7 Cow., 366; *Wright v. Jeffrey*, 5 id., 15; *Stewart v. Howard*, 15 Barb., 26; 25 id., 333; 6 Taunt., 185; Graham's Pr., 131; 1 Burr. Pr., *ubi supra;* Voorhies' Code, secs. 204f, 385. 3. If the complaint and affidavit together are sufficient, the order will be sustained. Voorhies' Code, 375, sec. 82h, and cases cited; R. S., ch. 125, sec. 40. The complaint in this action is sufficient under the precedents (1 Abb. Forms, 484–8), and shows a *prima facie* cause of action. The affidavit is like it, and must also show a *prima facie* case. *Pratt v. Page*, 18 Wis., 337; 1 Am. Lead. Cas., 204. The allegation in the affidavit that the prosecution and complaint of defendants was dismissed, and the plaintiff discharged by the court on the trial, shows *prima facie* a want of probable cause. 1 Am. Lead. Cas., 204, 211, 215; 2 Greenl. Ev., § 455, and cases cited; *Gould v. Sherman*, 10 Abb. Pr. R., 411; *Lapeous v. Hart*, 9 How. Pr. R., 541; *Faris v. Peck*, 40 id., 484; 40 N. Y., 463. Defendants, by moving on plaintiff's affidavit to vacate the order, admit the truth of the affidavit (*Hathorn v. Hall*, 4 Abb. Pr. R., 227; *Lowell v. Martin*, 21 How. Pr. R., 238); and this makes a *prima facie* case. 4. The affidavit and order were amendable. R. S., ch. 125, sec. 37; 1 Whit. Pr., 224, and cases cited; 1 Burr. Pr., 98; 8 Abb. Pr. R., 33; 10 id., 424; *Spalding v. Spalding*, 3 How. Pr. R., 297, 397; 13 id., 248; 14 id., 131, 140; 50 id., 451; 54 id., 630; 1 Hill, 204; *Ilsley v. Harris*, 10 Wis., 95; 22 id., 397.

*Jason Downer*, contra.

COLE, J. This is an appeal from an order vacating an order of arrest. The order vacating the order of arrest was made November 11, 1872. On the next day notice of appeal and a copy of the undertaking were served upon the defendants, but the undertaking and notice were not served upon the clerk until the 16th of December, 1872. It is now claimed on the part of the defendants, that the appeal was not in time, and that it should be dismissed.

The statute provides that an appeal from an order may be taken *within thirty days after written notice* of the making of the same. Sec. 9, ch. 264, Laws of 1860. It is not claimed that there was any written notice given of the making of the order appealed from, or at least there is no evidence that such notice was given. It is said on the part of the defendants that the service of notice of appeal on them is either evidence of the service of written notice of the making of the order, or is a waiver of such service. We see no sufficient reason for holding either alternative proposition as correct. Service of notice of appeal upon the adverse party furnishes no proof of the fact that a written notice of the entry of the order had been given. If written notice had been given, that fact should have been shown by the defendants in some proper manner. And in the case of *Corwith v. The State Bank of Illinois*, 18 Wis., 560, this court held that, in order to limit the time for appealing, *written notice* must be given, and that the limitation did not begin to run until this was done. That decision disposes of the question of waiver, and clearly shows that this appeal cannot be dismissed because not taken in time.

The first objection relied on by the plaintiff for a reversal of the order is, that the defendants had no right to move to vacate the order of arrest after taking the steps which they did before making that motion. It appears that the order of arrest was granted by the commissioner on the 4th of November. The undertaking on bail given by the defendant *Judge Downer* bears date November 7th; and that given by the defendant

*Noonan*, November 8th. On the 8th, the sheriff returned to the plaintiff the order of arrest and copies of the undertakings, and asked the plaintiff if he was satisfied with the bail; and the plaintiff told the sheriff that he accepted said bail, and immediately indorsed his acceptance on each of the copies. Both defendants gave notice of retainer and demand of a copy of the complaint, on the 8th of November. On the same day *Judge Downer* served upon the plaintiff an order, granted by the county judge, to show cause on the 11th of that month why the order of arrest should not be vacated; and he states in his affidavit that this service was made " before the undertaking on bail as to this defendant was delivered to the sheriff."

Now it is said, that, the defendants having given bail which was accepted by the plaintiff, and the defendants being discharged from custody, and they also having given notice of retainer and demanded a copy of the complaint, they thereby waived or lost all right to move to vacate the order of arrest. We think, however, that no such consequences follow from the acts of the defendants, for this reason : Our statute (sec. 28, ch. 127, R. S.) provides that a defendant arrested may, at any time before the justification of bail, apply on motion to vacate the order of arrest or reduce the amount of bail. In this case, of course, justification became unnecessary, because the plaintiff immediately accepted the bail which was given. Still, it seems to us that it would be unreasonable to say that the defendants were deprived of the right to move to vacate the order of arrest by this immediate acceptance. The statute. doubtless intended to secure to a defendant arrested some opportunity of having a judicial investigation or inquiry into the regularity of the arrest ; and this right ought not to be defeated by such an act on the part of the plaintiff. It is provided in section 16, that the plaintiff may, within ten days after the return to him of the order of arrest and certified copy of the undertaking, serve upon the sheriff a notice that he does not

accept the bail; and unless he gives that notice the bail will be deemed to have been accepted after the expiration of the ten days, and the sheriff exonerated from liability. And it seems to us it would be the most reasonable construction of the statute, to hold, in case actual justification becomes unnecessary and the bail is perfected either by acceptance or lapse of time, that the defendant should have the right to move to vacate the order of arrest at least at any time before the expiration of the ten days within which the plaintiff might give notice that he did not accept. This, we think, ought to be the rule, unless the defendant, within that period, voluntarily takes some deliberate step in the cause from which it can fairly be assumed that he intended to waive any irregularity in the order of arrest. The only act relied upon here to show a waiver is, that the defendants gave notice of retainer and demand of a copy of the complaint; but it does not even appear that this was done before notice of motion to vacate the order of arrest was given. Both notices were given upon the same day; but which was first in order of time is not shown. And we are therefore, under the circumstances, relieved from deciding the question whether the defendants would subsequently have the right to move to vacate the order of arrest, where it plainly appeared that they had previously served notice of retainer and demanded a copy of the complaint. If that act should be deemed equivalent, under the statute, to an actual justification — a point which we do not wish to be understood as affirming,— still, upon the record it is impossible to say that even that was done before notice of motion to set aside the order of arrest was given. We consequently think there is no ground for holding that the defendants had waived their right to move to vacate the order.

And this leads us to the further inquiry, whether the order of arrest was properly granted upon the affidavit. And we are of the opinion that it was not.

The action is brought to recover damages for false imprisonment and malicious prosecution. The affidavit states, in sub-

stance, that the defendants maliciously and without any prob-able cause made complaint under oath in the municipal court of the city of Milwaukee, against the plaintiff, charging him falsely and maliciously in such complaint, and without prob-able cause, with the crime of willful perjury, and thereby and thereon procured a warrant to be issued out of said court for the arrest of the plaintiff upon said charge, upon which war-rant the plaintiff was arrested and imprisoned for the space of two hours and upwards in the hands of the officer, and was obliged to and did give bail, in the sum of $1,000, to save him-self from going to prison; that afterwards, on or about the 20th of August, 1872, the plaintiff was brought before the said court, and examined upon the charge maliciously and falsely set forth in the complaint, and thereupon, on motion of plaint-iff's counsel, the complaint was quashed for insufficiency, and the plaintiff was discharged and fully acquitted, and the prose-cution was entirely ended and discharged.

These are the material facts and circumstances stated in the affidavit, from which a want of probable cause on the part of the defendants in instituting the criminal prosecution is to be inferred.    And the question is, Are they sufficient to warrant the inference that a probable cause did not exist?   It seems to us not.   They show merely that the plaintiff was arrested on a complaint made by the defendants, in which he was charged with having committed the crime of perjury; that he was imprisoned, and gave bail; and that afterwards the court quashed the complaint for insufficiency, and discharged the plaintiff from the arrest; and that no further prosecution for the same offense has been instituted against him.   It would doubtless be sufficient to allege in this general manner in a complaint that the arrest was without probable cause; but the affidavit ought to go further, and state facts which are evidence *prima facie* of want of probable cause.   This is the rule con-tended for by the learned counsel for the defendants; and we think it is correct.   Suppose the precise facts stated in the affi-

davit were established by evidence on the trial of the action: would they warrant the jury in finding that the defendants acted without probable cause in instituting the criminal proceeding, and that they had no reasonable ground for believing the plaintiff guilty of the offense with which he was charged? It seems to us the jury would not be authorized to say, upon this evidence alone, that there was a want of probable cause. For *non constat* but that the defendants might have had the very best grounds for believing the plaintiff guilty of the crime imputed to him. The facts and circumstances, therefore, showing a want of probable cause, should be set forth in the affidavit. The rule is well stated by Judge DUER, in *Vanderpool v. Kissam*, 4 Sandf., 715, where the affidavit for holding to bail, like the one before us, set forth only in general terms the existence of malice and the want of probable cause. He says: "The facts which are relied on as *prima facie* evidence of the want of probable cause must be set forth in the affidavit, so as to enable the judge to whom the application for an order of arrest is made, to draw the proper conclusion of law. If such facts are omitted, the party swears only to his own belief, and his opinion, or that of his counsel, is substituted for a judicial decision." The burden is on the plaintiff to show affirmatively in the affidavit the want of probable cause, and that there were no reasonable grounds to warrant the defendants in charging him with the crime of perjury. This the affidavit fails to show, and for this reason it is insufficient.

On the hearing of the motion to vacate the order of arrest, the plaintiff offered to amend the affidavit by adding to and inserting therein the facts which were evidence *prima facie* of want of probable cause. The court refused to permit the amendment to be made. In this the court was manifestly right. The insufficiency in the affidavit could not be cured so as to make valid the order already granted.

*By the Court.*— The order of the county court is affirmed.