IN RE CENTRAL DRAINAGE DISTRICT: CASH and others, Appellants, vs. KRUSCHKE and others, Respondents.

*October 18, 1907—January 8, 1908.*

*Drains and drainage districts: Statutes: Construction: Petitioners: Withdrawal: Procedure: Conditions: Costs.*

1. Under ch. 54, Stats. (1898), relating to drainage districts, a petitioner has absolute right to withdraw before the approval of the petition as warranting the appointing of commissioners, and thereafter, till final decision upon the commissioners' report, he has a qualified right to withdraw analogous to that of a complainant in a civil action in equity to dismiss his bill.

2. Since the statute for the creation of drainage districts does not prescribe the practice to be followed in all details, particularly in respect to the withdrawal of petitioners, such statute should be supplemented by the established practice in that class of civil actions having characteristics most nearly like those for the formation of such districts.

3. The proceeding for the formation of a drainage district is analogous to a civil action in equity and the confirmation of the commissioners' report in the one to the announcement of the court's findings in the other as regards the termination of the rights of petitioners to withdraw from such proceeding and cause its discontinuance.

4. The right of withdrawal of a petitioner in a drainage proceeding after the filing of the commissioners' report is subject to the judgment of the court as to its reasonableness under the circumstances, and the terms requisite to protect other parties concerned from being unduly prejudiced.

5. Ordinarily in case of a petitioner in a drainage district proceeding withdrawing after the filing of the commissioners' report, merely because of his having considerately changed his mind as to the advisability of the enterprise, the right to do so is equitably subject to payment of all costs and expenses incurred up to the time of the withdrawal, if such withdrawal renders necessary a dismissal of the proceedings.

[Syllabus by MARSHALL, J.]

APPEAL from an order. of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed in part; reversed in part.*

A petition with 109 signatures for a drainage district having been duly filed with the clerk of the circuit court for Juneau county, Wisconsin, such proceedings were duly had that the facts herein alleged were found to exist warranting the appointment of commissioners as provided by law. An order was entered accordingly. The commissioners in due time filed their report showing the existence of facts requisite to the creation of the district and that the aggregate costs of the enterprise would be about $90,000, or some over $3 per acre on all land situated therein.

During the proceedings for a confirmation of the report a

large majority of the petitioners duly remonstrated against it, and asked leave to withdraw their support and have the petition dismissed. No objection was made thereto, except by the commissioners, though so far as appears by the record the petitioners who did not join in such requests were willing to have the report confirmed. One ground of the requests was that the probable cost of the work would exceed the probable benefits and was so great that in the judgment of the remonstrants the petition should be dismissed.

The court, as a result of the hearing on the requests aforesaid, held that the proceedings up to the time of the making thereof were preliminary to the formation of a drainage district, and that at any time before the confirmation of the report petitioners had a right to withdraw under the circumstances of the case, subject to a proper adjustment of the costs and expenses incurred, protecting other parties concerned from being prejudiced; that petitioners could not withdraw and leave their co-petitioners "without standing by and taking care of every expense that has been incurred up to this time, any more than one or more co-plaintiffs could withdraw in an ordinary lawsuit without paying the costs incurred up to that time." A decision to that effect coupled with one that all the petitioners were equally liable to the commissioners for the costs and expenses of the proceedings was orally announced from the bench, and an order was directed to be drawn in accordance therewith and presented for signature. In response thereto an order was prepared on behalf of the remonstrating petitioners and was signed. It was to this effect: The total acreage within the boundaries of the proposed district, as shown by the petition, is 30,440, and as recommended by the commissioners is 28,930, owned by 212 persons. Ninety-six adult landowners signed the petition, owning 19,353 acres of land. One hundred and twenty owners duly remonstrated against the creation of the district. They represented 17,320 acres of land

in the proposed district. Of the ninety-six who signed the petition, sixty-five, owning 11,000 acres of land, are opposed to the creation of the district and to the confirmation of the commissioners' report. After the withdrawal of the sixty-five petitioners the petition contains the signatures of only thirty-one adult owners of land within the boundaries of the proposed district, who are the owners of 8,353 acres of land and not enough to justify creating it. Owing to the facts stated the court is without jurisdiction to confirm the commissioners' report. The proceedings are accordingly dismissed and discontinued. Judgment should be rendered in favor of the commissioners against the petitioners for expenses and liabilities incurred according to law in the proceedings. A judgment was accordingly entered.

The order dismissing the proceedings was entered October 17, 1906. On October 22d, thereafter, there was served upon the attorneys for the commissioners a notice of the entry of such order, specifying the matters of law determined thereby in the language thereof. The notice did not contain a copy of the order, nor was there any served therewith. Such attorneys in writing admitted service of the notice. Within thirty days thereafter, there was an ineffectual attempt made to appeal from the order. February 4th, thereafter, due service was made of a notice of the entry of the order together with a copy thereof and within the succeeding thirty days this appeal was taken.

For the appellants there was a brief by *Veeder & Veeder,* attorneys, and a reply brief signed by *Olin & Butler,* of counsel, and the cause was argued orally by *C. A. Veeder* and *John M. Olin.*

For the respondents *Kruschke et al.* there was a brief by *Graham & Graham;* for the respondents *Northwestern Real Estate Company* and *D. W. Storrs* there was a brief by *Daniel H. Grady;* and the cause was argued orally by *Mr. Grady* and *Mr. W. R. McCaul.*

The following opinion was filed November 5, 1907:

MARSHALL, J.   The motion to dismiss the appeal must be denied.   Sec. 3042, Stats. (1898), provides that "The time within which an appeal may be taken directly from an order is further limited to thirty days from the date of the service by either party upon the other of a copy of such order, with a written notice of the entry of the same."   Service of a copy of the order was just as essential as service of a notice of the entry thereof to start the period of limitations running, and as no copy was served more than thirty days prior to the appeal it was taken seasonably.   The decisions of this court are to that effect.   *Corwith v. State Bank,* 18 Wis. 560; *Orton v. Noonan,* 32 Wis. 220; *Ellis v. Barron Co.* 120 Wis. 390, 98 N. W. 232.

The proposition submitted for decision is this: Are petitioners for the organization of a drainage district under ch. 54, Stats. (1898), entitled for good cause, in the judgment of the circuit court having jurisdiction of the matter, to withdraw their support, thereby leaving the court, in case the remaining petitioners do not represent the requisite amount of land located in the proposed district, without warrant to proceed ?

There is no decision of this court on the precise point under consideration.   The nearest approach thereto is *La Londe v. Barron Co.* 80 Wis. 380, 49 N. W. 960, and *State ex rel. Hawley v. Polk Co.* 88 Wis. 355, 60 N. W. 266, holding that petitioners for submission to the electors of a county of a proposition to change the location of the county seat may withdraw their request and thereby prevent their names from being counted in favor of the submission, at any time before final action by the board in respect to the sufficiency of the petition.

There are no very satisfactory decisions elsewhere on the precise point involved when statutory differences and the

decision of this court as to the nature of the order confirming the commissioners' report are considered. The general trend of authority is that petitioners may withdraw at any time before final action upon the petition. The difficulty is in determining whether under our statutes the order appointing the commissioners and making the preliminary findings in respect to the petition authorizing such appointment is such final action, or whether it is the confirmation of the commissioners' report and creation of the district, and whether, though the right of withdrawal, regardless of reasons therefor, terminates upon the appointment of the commissioners, a qualified right to withdraw exists up to the time of the creation of the drainage district.

It has been held that the first order upon the petition does not finally settle anything; that it is not final in any sense and so is not appealable. *In re Horicon D. Dist.* 129 Wis. 42, 108 N. W. 198. It was there decided that all matters in relation to the creation of a drainage district are proper subjects for consideration upon the application for a confirmation of the report of the commissioners. Sec. 1379—18, Stats. (1898), provides that "Any owner of lands or any person or corporation affected by the work proposed may appear on the day set for hearing said report and remonstrate against the whole or any part of the proposed work" in a manner particularly described, which manner, it is conceded, was complied with by the withdrawing petitioners in this case.

It seems that on principle an initial promoter of the organization of a drainage district should not be absolutely bound to stand therefor after the coming in of the report of the commissioners, in case of his having reasonable ground in the judgment of the court for withdrawing his support. It may well be that such a person cannot capriciously or unreasonably withdraw and thereby prevent a consummation of the enterprise to the prejudice of others concerned as peti-

tioners or commissioners. This case does not depend on going farther than to solve this: Can a petitioner not on equitable terms, as a matter of right, withdraw after the commissioners have filed their report and before confirmation thereof, if, in the judgment of the court having jurisdiction of the matter, he has reasonable ground therefor? It will be observed by the statement that the court decided that the right to withdraw at that stage was subject to the rights of those desiring to continue the matter, analogous to that of a plaintiff to discontinue a civil action.

Here it is evident that when the petitioners for the drainage district viewed the matter in the light of the information afforded by the report, and their own investigation subsequent to their initiation of the proceedings, a large majority, owning by far the greater part of the land in the proposed district, came to the conclusion, by the exercise of judgment, that a consummation of the scheme would be attended with burdens not adequately compensated for by advantages. Facing that situation, with none of the petitioners objecting to a discontinuance of the proceedings, the court could hardly have well reached any other conclusion than that those desiring to withdraw were entitled as matter of right to do so upon such terms as would save the rights of the other parties concerned. It would be very strange if under the circumstances stated a court, still having the whole matter in hand, could not recognize remonstrating petitioners as having the right, subject to their being required to do equity to others concerned, to withdraw. That, as will be seen from the statement, is what the court decided in the oral decision announced from the bench. Whether the further decision as to what equity required is right is another question.

Counsel for appellants call attention to *Sim v. Rosholt*, 112 N. W. 50, decided by the supreme court of North Dakota, holding that upon the petition for a drainage district being found sufficient and placed on file, it is too late for any

signers to withdraw. Other cases are referred to of the same character, particularly *Seibert v. Lovell,* 92 Iowa, 507, 61 N. W. 197. They are not particularly helpful inasmuch as under our statute, and the court's construction thereof in *In re Horicon Drainage Dist.* 129 Wis. 42, 108 N. W. 198, the whole subject of the organization of a drainage district is open up to the time of the entry of the final order upon the report of the commissioners. Moreover, the cases treated only of the absolute right of withdrawal.

*Ralston v. Beall* (Ind. Sup.) 30 N. E. 1095, is confidently referred to in support of this appeal, but we find it involved only the question of the right of withdrawal after final order for the improvement. The case does not appear to have any bearing on the question here.

*Carr v. Boone,* 108 Ind. 241, 9 N. E. 110, is also cited. That involved the right of a petitioner to dismiss the petition after the entry of an order approving the report of the commissioners. It is stated in the opinion that, prior to the notice by the petitioner to dismiss, "the drainage commissioners had filed a report, and an order was made approving the assessment. . . . Rights had been acquired and money expended on the faith of the order made upon the first report, and justice requires that a petitioner should not be allowed to destroy rights which his own act had been the means of creating."

The other cases cited by counsel for appellants are no more satisfactory than those above referred to. All are to the effect that a petitioner cannot change his position to the prejudice of the proceedings he has been responsible for initiating after the entry of the final order upon the petition, and with that there does not seem to be any serious controversy between the parties upon this appeal. The real contention is over what should be regarded as the final order.

The authorities mentioned by counsel for respondent as to the general principle stated are to the same effect as those al-

ready referred to. *Crume v. Wilson,* 104 Ind. 583, 4 N. E. 169, and *Mack v. Polecat D. Dist.* 216 Ill. 56, 74 N. E. 691, and other cases are cited. The list might be extended by authorities of the same character.

In *Crume v. Wilson, supra,* it was held that it was too late for a petitioner to move for a dismissal of the petition after the time for remonstrating against confirmation of the commissioners'. report, but it. was suggested, though not decided, that during such time he might successfully move the court for leave to dismiss and to withdraw his petition; the proceedings being somewhat like a civil action in equity under the Code with the petitioners as plaintiffs.

In *Mack v. Polecat D. Dist., supra,* it was held that a petitioner may withdraw from the petition before final action thereon, but the final action there involved was the one on the sufficiency of the petition as presenting a situation requiring the appointment of commissioners, and the court had in mind the absolute right of withdrawal.

It is the opinion of the court that jurisdiction of drainage proceedings to investigate as to whether facts probably exist warranting the appointment of commissioners is conferred by the filing of the petition responding to the calls of the statute; that up to the time of judicial action thereon by such appointment the right of a promoter to withdraw is absolute.

It is further the opinion of the court that the entry of the order appointing commissioners and judicially establishing, for the time being, the facts warranting the same, gives the court general jurisdiction to proceed, but that the final order establishing the district is the event that terminates absolutely the right to be heard on an application for leave to withdraw from the petition.

The proceedings to establish a drainage district are, as held in *Crume v. Wilson, supra,* analogous to an equitable action with the petitioners as plaintiffs. The report of the

commissioners is not effective till it becomes the finding of the court by the order of confirmation. It is not conclusive like the verdict of a jury in a common-law action, but is rather advisory, and the principle which obtains in the dismissal of actions in equity applies. The privilege to dismiss exists as an absolute right, subject to the judgment of the court as to reasonableness up to the time of the final decision. *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158. The court has control over the matter only to the extent suggested, and of imposing proper terms. *Butler's Petition,* 101 N. Y. 307, 4 N. E. 518; *Winans v. Winans,* 124 N. Y. 140, 26 N. E. 293; *Purdy v. Henslee,* 97 Ill. 389; *Carleton v. Darcy,* 75 N. Y. 375.

At common law the rule in equity was that ordinarily a complainant might dismiss his own bill with costs at any time before the final decision. 1 Barb. Ch. Pr. (2d ed.) 228. That prevails under the Code (*Bertschy v. McLeod,* 32 Wis. 205, 210), the findings, however, as orally announced in court, or if not so announced as filed, being regarded as such final decision.

The rule stated is upon the theory that payment of costs leaves the adverse party in as good a position as he was when the suit was commenced and so not really prejudiced. In case of special circumstances to the contrary the right of dismissal may be denied entirely or recognized as existing subject to such terms as will compensate for the disadvantages to others. Consent of co-plaintiffs is not necessary unless the dismissal will operate to their prejudice. There were no special circumstances rendering a dismissal prejudicial to the commissioners,—the only ones who objected thereto,—so long as they were protected as to the costs and expenses of the proceedings.

It is considered that the doctrine of *Crume v. Wilson,* 104 Ind. 583, 4 N. E. 169, as to the practice in respect to withdrawal of petitioners is sound. There are quite persuasive

indications that the learned trial court in this case intended to follow it. It is to this effect: There being no statutory practice as to the right of petitioners to withdraw after having initiated the proceedings, the omission should be supplied by the practice in civil actions, that a plaintiff may dismiss his bill at any time before the findings of the court are announced. That is in accord with the rule respecting the right of petitioners to terminate condemnation proceedings. *Milwaukee & L. W. R. Co. v. Stolze,* 101 Wis. 91, 76 N. W. 1113. The court there applied the ordinary principle, that the moving party in actions may, with the consent of the court, dismiss or discontinue the same at any time before the result sought for in the proceedings has been reached and the rights of the parties fixed. The right is not absolute, but may be granted under such conditions as may be necessary to prevent injustice.

Looking only at the order and judgment in this case it would be quite difficult to reach the conclusion that the learned trial court reached the decision complained of by reasoning along the line above indicated. The oral decision probably shows more definitely what was the real judicial thought in the matter. The following language thereof quite clearly bears out what has been said:

"Those who have heretofore been active petitioners come in and ask to withdraw and insist upon withdrawing. It is clear to the court upon reason, as the cases say, they have a right to do that at this time, but they cannot go out and leave their co-petitioners without standing by and taking care of every expense that has been incurred up to this time. That is not only legal but equitable." "One or more co-plaintiffs could not withdraw in an ordinary lawsuit without paying the costs up to that time."

Whether petitioners made applications in form for leave to withdraw or by applying for a dismissal of the proceedings, because they no longer desired to be counted as promoters thereof, is not material. A motion to dismiss under the

circumstances was equivalent to a withdrawal or an application for leave to withdraw, and it was so considered.

The question is raised as to whether the court rightly held all petitioners equally liable for costs and expenses of the proceedings. The statute provides that "If the commissioners shall find such costs, expenses and damages are more than equal to the benefits that will be bestowed upon the land to be benefited . . . the proceedings shall be dismissed at the cost of the petitioners." Sec. 1379—16, Stats. (1898). That does not cover the case in hand. The only other provision for costs is in sec. 1379—18, and relates to a situation of dismissal upon the motion of remonstrants. It provides that the court may award and apportion the costs as between the commissioners and the remonstrants. That seems to cover this case, supplemented, as we regard it to be, by the practice in equity as to awarding costs in case of a discontinuance. No reason is perceived why petitioners who are willing to go on should be required to pay costs for the relief of those desiring to withdraw. That is in accord with the trial court's oral decision, so far as we have quoted it. The further decision made, that all petitioners were liable equally for the costs and expenses incurred, is not consistent with the statement that the co-petitioners can only withdraw by "taking care of every expense that has been incurred up to this time." That statement may not be right as a general proposition applicable to all cases of withdrawals in drainage proceedings after the commissioners have made their report, but it is right as applied to the circumstances of this case.

We do not overlook grounds of withdrawal stated going to the original validity of the petition. No issue was formed except as raised by the remonstrances and the report of the commissioners. No evidence was taken or findings made, except such as bore on the question of the situation with the remonstrants and the lands represented by them counted in opposition to further proceedings and the good faith of those

that appeared to have changed their minds in respect thereto. The right of withdrawal was determined wholly upon the principle of such right as regards a complainant in a civil suit in equity, and we have viewed the case from the same point of view.

*By the Court.*—That part of the order dismissing the drainage proceedings is affirmed, but that part awarding costs against all of the petitioners is reversed, and the matter is remanded to the trial court with directions to enter a judgment or order against the withdrawing petitioners for the costs and expenses.

On January 8, 1908, the judgment was modified by adding thereto the words, "appellants to recover their taxable costs in this court against the respondents."