PATIENCE ARMSTRONG ET AL. v. W. A. BEAMAN ET AL.

(Filed 23 February, 1921.)

**Drainage District—Petitioners—Withdrawal of Names—Statutes.**

> Upon the return day set by the clerk of the court for the hearing of the landowners in a proposed drainage district, C. S., 5284, etc., it may be shown by those opposed to the petition that some of those who signed it desired to withdraw, and that eliminating their names the petitioners would not represent a majority of the landowners in the district, or such owning three-fourths of the lands, as the statute requires.

APPEAL from *Calvert, J.,* at November Term, 1920, of PASQUOTANK.

This is an appeal from an order on a petition for the establishment of a drainage district. The petition having been filed on the hearing before the clerk, the petition was offered in evidence, together with other testimony on the part of the petitioners tending to show that said petition had been signed by a majority of the resident landowners in the proposed district, and by the owners of three-fifths of all the land affected or to be assessed for the expense of the proposed improvements.

The defendants or cross-petitioners then stated that they were ready to offer testimony tending to show that many of those who originally signed the petition desired to withdraw, and that eliminating those desiring to withdraw there would not be sufficient signatures left on the petition to constitute a majority of the landowners, or to represent three-fifths of the acreage. The clerk stated that he would hear such testimony, but that he would hold that the allegations of the cross-petitioners, if proven, would not justify an order by him allowing said cross-petitioners to withdraw, and furthermore, would constitute no legal obstacle to the appointment of an engineer and viewers, as contemplated by the drainage act.

Whereupon the clerk entered judgment as appears of record; it being agreed that the names of the engineer and viewers be left blank in said order, and filled in by the clerk at his convenience after due inquiry as to the fitness of the proposed engineer and viewers.

Upon the defendants' or cross-petitioners' appeal from this order of the clerk, his Honor, T. H. Calvert, entered an order remanding the cause to the clerk with directions to dismiss the petition if the cross-petitioners should establish their contention that eliminating those desiring to withdraw, sufficient signatures would not be left on the petition to show a compliance with the provisions of the drainage act. To this order the petitioners excepted and appealed to the Supreme Court.

*W. L. Cohoon and Meekins & McMullan for plaintiff.*
*Ehringhaus & Small and Aydlett & Simpson for defendants.*

ALLEN, J. The initial step in the establishment of a drainage district under chapter 442 of the Laws of 1909, now sec. 5284, *et seq.,* of the Consolidated Statutes, is the filing of a petition by a "majority of the landowners or the persons owning three-fifths of all the lands" in the proposed district, and upon this preliminary requirement being performed, it is made the duty of the clerk of the Superior Court to issue notice to all other landowners in the district, not parties to the petition, to appear on a day certain when the petition is heard. These provisions were followed by the petitioners, but on the return day those opposed to the establishment of the district offered to show that some of those who signed the petition wished to withdraw therefrom, and that if their names were not considered the petitioners would not represent a majority of the landowners or of persons owning three-fifths of the lands.

The clerk held, in substance, that the petitioners could not withdraw, and that if the fact was established as contended for by the defendants, it would not justify a dismissal of the proceeding.

The defendants appealed from this ruling, which was reversed, and the judge directed that the cause be remanded to the clerk to the end that he might hear the evidence, and directed him to dismiss the proceeding if found that the requisite number of landowners or persons owning land were not in favor of the establishment of the drainage district, and from this order the plaintiffs appealed.

The question is decided against the petitioners in the case of *Shelton v. White,* 163 N. C., 90, in which, upon the coming in of the final report, it was alleged by certain parties objecting to the establishment of the drainage district that a majority of the resident landowners and the owner of three-fifths of the lands objected to the formation of the district; and it was held: "If the fact is as alleged, the proceeding

should be dismissed, notwithstanding that some of the objectors signed the original petition, for upon the coming in of the final report they may ascertain that the facts are different both as to cost and benefit from what was understood when they signed the petition."

Surely if persons who have signed the petition may object to the formation of the district after the proceeding has gone through various steps, and expenses have been incurred, even up to the final report, they ought to be permitted to do so in the preliminary stages and before any order has been made, and that is the condition here.

It is said in Central Drainage District, 134 Wis., 130: "The signer of a petition to establish a drainage ditch has an absolute right to withdraw before the approval of the petition as warranting the appointment of commissioners, and, therefore, till final action upon the commissioners' report, he has a qualified right to withdraw analogous to that of a complaint, in a civil action in equity to dismiss his bill."

See, also, *Mack v. Polecat Drainage District,* 216 Ill., 56; *Stockard v. Veal,* 35 L. R. A. (N. S.), 115.

The order of the judge must be

Affirmed.