## STATE EX REL. FRANK H. WEISS v. JOSEPH J. MORIARTY.[1]

May 24, 1938.

No. 31,790.

*Cobb, Hoke, Benson, Krause & Faegre,* for relator.
*George T. Havel* and *Edwin C. Kraus,* for respondent.

PER CURIAM.

*Mandamus* to require the Honorable Joseph J. Moriarty, judge of the eighth judicial district, to amend an order granting a new trial by specifying the grounds therefor.

Petitioner is a defendant in an action brought by the administrator of the estate of Carl Gehrke before the late Judge Tifft. At

[1]Reported in 279 N. W. 835.

the close of the evidence petitioner moved for a directed verdict on the ground that it conclusively appeared that the matter in issue was governed by the workmen's compensation act. The motion was granted and the proceedings stayed until a transcript of the record could be delivered by the reporter to the attorneys. By the time this was done respondent had succeeded to Judge Tifft's place on the bench. December 18, 1937, the administrator moved the court for a new trial on the following grounds:

(1) That the verdict is not justified by the evidence.

(2) That the verdict is contrary to law.

(3) Errors in law occurring at the trial as follows, to-wit:

(a) That the court erred in granting the defendants' motions for a directed verdict at the close of the testimony.

(b) Because of error in receiving evidence and testimony of objections of plaintiff, and rulings and statements of the court in connection therewith, which were duly excepted to by the plaintiff.

(c) Because of error in refusing evidence and testimony offered by plaintiff and refusing to permit questions and examination by plaintiff as appears from the exceptions taken and rulings and statements of the court in connection therewith.

An order granting the motion was made December 22, 1937, and petitioner was apprised of the fact by a letter mailed by the attorney for the administrator December 30, 1937, and received January 3, 1938. The order was not filed, however, until January 3. From this order petitioner appealed January 31, but the appeal was dismissed March 14 for the reason that it did not state that a new trial was granted exclusively for errors of law occurring at the trial and did not specify those errors. March 28 petitioner moved the trial court to amend its order so as to set out the grounds upon which it is based. This was denied for the reason that the time for appeal from the order had expired. Petitioner then instituted this proceeding.

The motion for new trial assigned as error the direction of a verdict for defendant which was alleged to be contrary to law and to

the facts. If true, this was an error of law occurring at the trial. 5 Dunnell, Minn. Dig. (2 ed.) § 7162. If the new trial was granted for this reason, then the trial court should have stated in its order or in a memorandum made a part thereof that the motion was granted exclusively for errors of law occurring at the trial and should have specified the errors. 3 Mason Minn. St. 1936 Supp. § 9498(4) reads:

"When an order granting a new trial is based exclusively upon errors occurring at the trial the court shall expressly state in its order or memorandum the reasons for and the grounds upon which such new trial is granted."

If the order granting a new trial is grounded upon anything other than an error of law occurring at the trial, then it is not a ground assigned upon the motion and is objectionable on that score. Where a motion is made it must control. Farris v. Koplau, 113 Minn. 397, 129 N. W. 770; Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716.

It appears, therefore, that on one or the other of these facts petitioner has the right to appeal. But he may not appeal until a formally sufficient order stating the reasons on which the order is based has been entered. It follows as a consequence that it is the duty of the trial court to amend its order so as to permit him to assert his right.

But it is said that the trial court no longer has the right to place upon its order the insignia of appealability for the reason that the statutory time for appeal has expired. Bakkensen v. Minneapolis St. Ry. Co. 180 Minn. 344, 230 N. W. 787. 2 Mason Minn. St. 1927, § 9497, provides:

"An appeal from a judgment may be taken within six months after the entry thereof, and from an order within thirty days after written notice of the same from the adverse party."

It was held in Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64, that a notice given prior to the filing of the order with the clerk or its entry in the minutes or records of the court

must be considered premature and of no effect to limit the time within which to appeal. At the time the letter was mailed the order had not been filed; whether it had been filed at the time it was received is a matter of speculation. But the latter consideration is irrelevant. To set the time for appeal running, the written notice should inform the recipient that the order has been filed instead of warning him of an intention to file it.

The next question to be considered is whether the taking of the appeal constituted a waiver of notice of the filing of the order. The statute is intended to serve a twofold purpose. It places the power of limiting the time for appeal exclusively with the prevailing party; and it provides a plain and certain means for determining when the time for appeal begins to run so that danger of misapprehension and misconstruction is obviated. Fry v. Bennett, 7 Abb. Prac. (N. Y.) 352.

The right of appeal is favored, and legislation limiting that right must be faithfully observed in order that the bar it interposes shall become operative. Corwith v. State Bank of Illinois, 18 Wis. 587, 86 Am. D. 793. Statutes placing in the hands of a party to an action the right, by service of written notice of the filing of an order, to limit the time within which an appeal may be taken therefrom must be strictly complied with. Maurin v. Carnes, 80 Minn. 524, 526, 83 N. W. 415.

For this reason, it has been held in this state that giving of notice by one party limits the time for appeal as to the other party, but not as to the party giving notice. Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847. It has been held elsewhere under like statutes that the fact that appellant drew the order appealed from does not start the statute running (Rankin v. Pine, 4 Abb. Prac. (N. Y.) 309; Fry v. Bennett, 7 Abb. Prac. (N. Y.) 352); nor does the fact that appellant drew the order and filed it (Matter of New York Central & H. R. R. Co. 60 N. Y. 112; Corwith v. State Bank of Illinois, 18 Wis. 587, 86 Am. D. 793; Fatt v. Fatt, 78 Wis. 633, 48 N. W. 52; Cash v. Kruschke, 134 Wis. 130, 113 N. W. 675); nor does the fact that the order was served on appellant and he filed exceptions thereto (Rosenkrans v. Kline, 42 Wis. 558; Ellis v.

Barron County, 120 Wis. 390, 98 N. W. 232) ; nor does the fact that notice of appeal is given (Couldren v. Caughey, 29 Wis. 317; Orton v. Noonan and Downer, 32 Wis. 220).

With regard to our statute limiting the time for submission of a bill of exceptions or settled case which is also dependent upon notice of the filing of the decision, 2 Mason Minn. St. 1927, § 9329, we have held that a motion for a further stay in which to have the case settled constitutes a waiver of notice. State ex rel. McKenzie v. Wilson, 199 Minn. 452, 272 N. W. 163. Such a conclusion is a necessary deduction for there is no need for more than the statutory time unless notice has been served and the time for presentation of a settled case or bill of exceptions has been limited thereby. Since release from a limitation is requested in such a case, an admission that a limitation exists must stand confessed. But the taking of an appeal offers no ground for a like deduction. An appeal may be taken before notice of the filing of an order so that the mere taking of an appeal affords no basis for an inference either that notice has been or has not been given.

"It is said on the part of the defendants that the service of notice of appeal on them is either evidence of the service of written notice of the making of the order, or is a waiver of such service. We see no sufficient reason for holding either alternative proposition as correct. Service of notice of appeal upon the adverse party furnishes no proof of the fact that a written notice of the entry of the order had been given. If written notice had been given, that fact should have been shown by the defendants in some proper manner. * * * That decision disposes of the question of waiver, and clearly shows that this appeal cannot be dismissed because not taken in time." Orton v. Noonan and Downer, 32 Wis. 220, 223.

The benefit resulting from the limitation of the time for appeal accrues to the party upon whom is placed the burden of bringing the statute of limitation into operation. If he has not discharged the burden there exists no reason in logic or policy for permitting him to avail himself of the benefit.

Writ granted.