By the Court.
The original action was in mandamus to require the board of Deputy State Supervisors of Elections to print relator’s name upon the official primary ballot.
. Counsel for the respective parties have fairly and ably presented the questions involved.
We have given the case the best consideration of which we are capable, and have reached a conclusion based upon what we believe to be a sound construction of the election laws.
• We base our decision upon the undisputed facts. We are not required to go into the realm of disputed evidence.
*260 Valentine Ritz, the relator, duly filed his declaration of candidacy.
June 26, forty-five days before the primary election day, Ritz filed with said board a withdrawal of his candidacy.
June 28 two members of the board accepted relator’s withdrawal of candidacy.
June 29 the relator filed a withdrawal of his withdrawal of candidacy.
June 29 the Secretary of State approved the action of the two members of said board.
Upon a careful- examination of the questions presented we hold:
1. The relator must show a clear right before he can obtain relief, and the duty of the board must be one specially enjoined by law. State, ex rel. Gongwer, v. Graves, Secy. of State, 90 Ohio St., 311, 324; State, ex rel. Krauss, v. Lucas County Liquor Licensing Board, 93 Ohio St., 373, 375, and State, ex rel. Brownwell, v. Village of Stryker, 95 Ohio St., 101, 104.
2. Section 4976, General Code, by reasonable construction, recognizes the right of a candidate before the primary to withdraw if such withdrawal is made and filed in proper time. State, ex rel. Fitzsimmons, v. Taylor, Secy. of State, 55 Ohio St., 385.
3. The withdrawal of relator’s candidacy, in our judgment, took effect as of the date of the filing thereof with the Board of Deputy State Supervisors, and being filed within proper time required no further action by the election authorities to make' it effective.
*261 4. The statute does not expressly or by inference recognize a withdrawal of a withdrawal of candidacy. Consequently the law imposes no duty upon such Board of Deputy State Supervisors of Elections with respect thereto. Under the well established law governing proceedings in mandamus, such board cannot therefore be compelled to act where the statute imposes no duty.
5. Under the pleadings and undisputed evidence the relator is not entitled to relief and the judgment below should be reversed and final judgment entered for plaintiffs in error.

Judgment accordingly.

Allread, Houck (of the Fifth Appellate District, sitting in place of Ferneding, J.) and Kunkle, JJ., concur.