STATE EX REL. MOON, Respondent, VS. ANNEAR, County Clerk, Appellant.

*August 24—August 25, 1948.*

*Leo P. Lownik,* district attorney of Richland county, for the appellant.

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, and oral argument by *F. L. Brewer.*

ROSENBERRY, C. J.    Upon the undisputed facts two questions are presented for consideration : (1) May a person who has been nominated as a candidate at a primary election, after the time for filing nomination papers has expired and he has filed his acceptance thereof, effectively decline to be a candidate at the primary?    (2) After he declines may he effectively withdraw his declination?

There is no statutory provision covering the situation presented by the facts in this case.    Sec. 5.14 (2), Stats., provides :

"If a person whose name is printed on the primary ballot shall die or file a declination to accept the nomination after the ballots are printed, . . . the votes cast for him shall be counted and returned; and if he shall receive the greatest number of votes, as provided by section 5.15, the vacancy shall be filled by the party committee, as aforesaid."

It is argued that this provision being the only provision relating to declination by a nominee, prior to the printing of the ballots a nominee has no power to withdraw a nomination duly made and accepted by the nominee. There might be considerable force to the argument of relator if sec. 5.14 (2), Stats., was the source of relator's right to decline. This section nowhere confers upon a nominee the right to decline. It contemplates that there may be declinations. This section merely provides that if a nominee does decline after the ballots are printed the effect of his declination is that the votes for that candidate shall be counted and returned, and if he receives the greatest number of votes a vacancy is created which is to be filled by the proper party committee. He may decline any time before the primary, if nominated he may decline to be a candidate at the November election. (Sec. 5.17 (3), Stats.)

The acceptance of the nomination does not make a contract between the nominee and those who nominated him, otherwise he could not effectively revoke it without the consent of those who signed his nomination papers. Whether he will finally accept is a matter to be determined by the nominee himself.

It cannot be contended reasonably that after the relator had filed his declination to serve, thereafter, without doing anything more, he would be entitled to have his name printed on the primary ballot. When he filed his declination his right to have his name placed upon the ballot was extinguished and he was no longer a nominee.

While there are no decisions of this court upon the precise question involved in this case, in the case of *Blooming Grove v. Madison, ante,* p. 215, 33 N. W. (2d) 312, the court had under consideration a case somewhat similar to the case at bar. While the facts were different, the legal principles involved were analogous. The question was whether a signer could withdraw his signature on a petition praying for the incorporation of certain territory into the city of Madison. After

the council had ordered the necessary publication, a number of signers withdrew, reducing the number of signers to less than the number required by the statute. It was there held that a person might withdraw his name from such a petition at any time before final action was taken thereon by the said council. The rationale of the decision in that case and the cases cited in the opinion supports the conclusion that the relator had the power to revoke his acceptance, and by doing so disqualify himself to be a candidate at the September, 1948, primary.

Having disqualified himself from being a nominee at the September primary, could the relator effectively revoke his revocation and re-establish his qualifications as a candidate?

It is considered that it is clear upon reason and authority that the relator did not have the power by his own act to make himself a qualified candidate. When he revoked the acceptance filed with his nomination papers he removed himself effectually from the list of candidates to be voted for at the September primary. No one could reasonably contend that after his revocation of his acceptance the county clerk could be compelled to publish his name as one of the nominees at the September primary. There is no provision in the statutes which authorizes a nominee to restore his qualifications and thus give himself the right to have his name printed upon the primary ballot.

The act of revocation was an act which destroyed a statutory right, the right of the relator to have his name printed upon the primary ballot. That right having been destroyed, and the statute conferring no right upon the relator to recreate it, he was wholly without power to do so. *Brower v. State,* 13 Ohio App. 259. In that case the court, dealing with a somewhat different statute, said:

"In the absence of statutory authority a candidate who has effectively withdrawn his candidacy prior to the primaries is not entitled to withdraw his withdrawal."

It is held that the relator had the power to revoke the acceptance filed with the clerk shortly after his nomination papers were filed; and that the acceptance having been revoked, its effect was destroyed, and there being no longer an effective acceptance as required by statute, the right of the relator to have his name printed upon the official primary ballot ceased.

It is further held that having by his own act disqualified himself as a nominee at the primary, in the absence of statutory authority the relator had no power to requalify himself and the county clerk correctly denied him the right to have his name printed upon the ballot for the September primary.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the trial court with directions to dismiss the petition.

FAIRCHILD, J., took no part.