Town of Blooming Grove, Respondent, vs. City of Madison, Appellant.

*June 8—July 1, 1948.*

*Harold E. Hanson,* city attorney, *Alton S. Heassler,* assistant city attorney, and *Francis Lamb,* special counsel, for the appellant.

For the respondent there was a brief by *Harris & Brandt* of Madison, and oral argument by *Albert E. Brandt.*

PER CURIAM.* The question presented is whether the requirements of pars. (a) and (b) of sub. (1) of sec. 62.07, Stats., were complied with at the time the city council of the city of Madison adopted an ordinance annexing certain territory from the town of Blooming Grove to the city of Madison. Appellant demurred to the complaint which alleged that on June 7, 1947, following proper posting and publication of notices, annexation petitions were circulated throughout the area, and were signed by five hundred fifty-five electors out of a total of eight hundred seventy-three. There is no allegation in the complaint that the petitioners were the owners of the required amount of taxable property in the area. The petitions were filed with the clerk of the city of Madison June 25, 1947. On June 27, 1947, an ordinance was introduced at a regular

---

* The opinion in this case was prepared by the late Mr. Justice BARLOW.

meeting of the city council annexing the lands to the city of Madison, which ordinance was published in the official city paper for four consecutive weeks, the last publication having been made July 23, 1947. July 23d and July 24th there were filed with the city clerk several petitions containing the names of one hundred fifty-seven persons whose signatures appeared on the annexing petitions, requesting their signatures be stricken and withdrawn from the original petitions. At a regular meeting of the city council the petitions for withdrawal of signatures were received and placed on file, which was equivalent to refusing to permit the withdrawal of the names, and by unanimous vote the ordinance annexing the lands to the city of Madison was adopted. The ordinance was duly published and placed on file in the city clerk's office as required by law.

The material part of the statute involved follows:

"62.07 (1)  *Annexation procedure.*  Territory adjacent to any city may be annexed to such city in the manner following:

"(a) A petition therefor shall be presented to the council (1) signed by a majority of the electors in such adjacent territory and by the owners of one third of the taxable property thereof, according to the last tax roll, or (2) if no electors reside therein by the owners of one half of said taxable property, or (3) by a majority of the electors and the owners of one half of the real estate in assessed value; . . .

"(b) An ordinance annexing such territory to the ward or wards named therein shall be introduced at a regular meeting of the council after the filing of the petition, be published once each week for four successive weeks in the official paper and thereafter be adopted at a regular meeting by three fourths of all the members of the council."

It is plain to see that the minimum number of signatures required is four hundred thirty-seven. If the withdrawal of the one hundred fifty-seven signatures from the five hundred fifty-five signatures on the original petition is effective this would leave only three hundred ninety-eight signatures on the petitions on file, which was less than the required number at the time the ordinance was passed.

Appellant contends the presentation of the annexation petition to the city council, the introduction of an annexation ordinance, and commencement of publication of the ordinance gave the city jurisdiction of the petition in the annexation proceedings; that no signatures could thereafter be added to or subtracted from the petition, while respondent claims a person petitioning a public body can withdraw his name from the petition at any time prior to the time of final action upon the petition, and that final action here means the adoption of an ordinance by the city council.

Courts in the various states are not in accord as to when the right to withdraw a signature from a petition terminates. There are courts holding that the right expires at the time of filing the petition, others when the sufficiency of the petition has been determined, some that it expires when jurisdiction attaches, and still others that the right continues until final action is taken upon the petition. See Anno. 11 L. R. A. (N. S.) 372; 126 A. L. R. 1032. There is no decision of this court on the precise point under consideration.

The legislature has provided a statutory plan or procedure for the annexation of territory to municipal units. The right to live in a particular municipal unit is an important right and should be protected by all the safeguards that the law provides. People purchase or construct homes and places of business in particular towns, cities, and villages because of the advantages which they believe are offered. Municipal improvements are made and indebtedness is incurred in accordance with the demands of the people living within the boundary lines of the municipal unit. When property is detached therefrom and attached to an adjoining unit it can well leave a unit of government without sufficient valuation to finance its operations.

Neither appellant nor respondent questions the right of a petitioner to withdraw his name from the petition sometime after he has signed it, the disagreement being as to when this right terminates. Both parties rely on the cases of *La Londe*

*v. Board of Supervisors of Barron County* (1891), 80 Wis. 380, 385, 386, 49 N. W. 960, and *State ex rel. Hawley v. Board of Supervisors of Polk County* (1894), 88 Wis. 355, 60 N. W. 266. In the *La Londe Case* a petition was filed with the board of supervisors to change the county seat. Thereafter certain signers on the petition withdrew their names, and on the question as to whether or not they could withdraw their names after the petition was filed and before action was taken by the board of supervisors calling an election as required by law, the court said:

"For what valid objection is there, either in law or on grounds of public policy, against allowing a person who has signed a petition asking for a removal of the county seat from withdrawing his name from the petition before it is acted upon by the board? . . . An intelligent man, acting deliberately and understandingly, may change his mind on such a question, and conclude he has made a mistake in asking for a change of the county seat, and that the public interest will be promoted by having the county seat remain where it is. All this is plain and obvious to anyone reflecting on the subject."

The court then went on to say:

". . . there is no good reason why a person who has voluntarily signed the petition should not have the right to withdraw his name before the board finally acts upon it."

In *State ex rel. Hawley v. Board of Supervisors of Polk County, supra,* which was also a question of removal of the county seat where the requisite number of petitioners had signed the original petition and later a petition was filed by some of the original signers withdrawing their names but before final action was taken by the board of supervisors additional petitions were filed, the court held that where action had not been taken by the board of supervisors withdrawals could be made as well as additional petitions filed, all of which were to be considered in determining the number of signatures on the petitions at the time action was taken by the board. In

both cases reference was made to the question of jurisdiction, and it was said that jurisdiction was an absolute essential to warrant action on the subject. The action required by the board was the calling of a special election to permit the electors to vote on the question of removal of the county seat. No ordinance was required with publication prior to its passage. Final action consisted of calling the election.

In *Roehrborn v. Ladysmith* (1921), 175 Wis. 394, 185 N. W. 170, under the annexation statute in question, the court said the purpose of publication was to advise those who are interested that the matter is before the common council for consideration, and in *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312, it was held final procedure in annexation of territory to a city is the passage of an ordinance of annexation by the city council. It was there held there is no difference between petitions filed where notice is required before circulation and cases where no such notice is necessary.

In *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 238 N. W. 404, 240 N. W. 839, the court held the filing of a valid petition with the town board to lay out a road confers upon the town board jurisdiction to act and departure from the statutory procedure thereafter does not operate to void an order laying out the road unless attacked within three months, as required by statute.

In *Cash v. Kruschke* (1908), 134 Wis. 130, 113 N. W. 675, where a petition had been filed with the circuit court for the creation of a drainage district and commissioners had been appointed pursuant thereto, it was held that a petitioner had an absolute right to withdraw his signature after commissioners had been appointed but before final decision upon the commissioners' report.

In the present proceeding the city obtained jurisdiction to act immediately upon the filing of the petition with the city clerk. No one questions the right of persons signing the petition to withdraw such signatures prior to the time of the intro-

duction of the resolution. The introduction of the resolution did not give the city any greater jurisdiction than it had at the time the petitions were filed. Under the law the city is required to introduce a resolution of annexation and publish the same. No rights were acquired by anyone by the introduction of the resolution. This is merely a procedural step in annexation, the same as publishing and posting notices before circulating petitions. We see no more reason to hold that the right to withdraw a signature ends when the ordinance is introduced at the regular council meeting than there is to say no one can withdraw his signature after the petition has been filed with the clerk. The purpose of the introduction and publication of the ordinance is to advise those who are interested that the matter is before the common council for consideration. *Roehrborn v. Ladysmith, supra.* The mere introduction of a resolution does not mean it will be adopted. Whether it is in the interest of the city to adopt or reject the ordinance is a matter for the city council to determine according to its best judgment. No rights are acquired by anyone until the ordinance is finally adopted. In adopting the rule that signatures may be withdrawn at any time before final action in *Idol v. Hanes* (1941), 219 N. C. 723, 726, 14 S. E. (2d) 801, the court said:

"From considerations of public policy and individual right, we think the better rule is that the individual petitioner may, as of right, withdraw his name from the petition at any time before final action thereupon, and this rule we affirm. It should satisfy any reasonable requirement as to constancy of purpose, to be expected of those who deal with the courts and administrative bodies."

In adopting the same rule in *County Court of DeKalb County v. Pogue* (1904), 115 Ill. App. 391, 400, the court said:

"The rule which permits a withdrawal at any time before final action upon the petition is much more likely to get at the

real and mature judgment of the voters, and it is calculated to discourage a hasty presentation of a petition for signatures without a full disclosure of the real merits of the question. Circulators of the petition can usually avoid sufficient withdrawals to defeat the petition by taking care that the matter is fully understood by those to whom it is presented for signature."

It is the contention of appellant that to adopt this rule, where there is considerable difference of opinion in the area seeking to be annexed, leaves the annexing unit in a very difficult and unfortunate position if withdrawals can be made at any time prior to the time of final action. This proposition gives us considerable concern. However, at the time this statute was passed it was the law of this state, and had been for some time, that petitioners, could withdraw their names from petitions filed with units of municipal government and the legislature did not see fit to make provision to the contrary, although it specifically prohibited the withdrawal of names from petitions for recall elections, sec. 10.44 (2), Stats.

It is concluded that where no rights of others are established until final action is taken on the petition a person signing the petition may withdraw his name at any time prior to such final action.

Appellant argues that the petition of withdrawal was not authenticated and the city council had no way of knowing whether they were the actual signatures of the parties and that to permit unauthenticated petitions to be effective is contrary to public policy. We cannot agree with this contention. The law does not require the original petition be authenticated. If there was any doubt about the signatures parties in interest would readily have determined it and the city council was likewise in position to make a determination. There is no contention that the signatures were not genuine and proper. In *DeBauche v. Green Bay* (1938), 227 Wis. 148, 277 N. W. 147, it was held that when a petition is signed by an elector it has a face value and there is a presumption in favor of its genuineness.

Other questions presented have been fully considered. We find no question raised that will change the result.

Judgment affirmed.

Judgment affirmed.

---

* The opinion in this case was prepared by the late Mr. Justice BARLOW.