STATE EX REL. TEGT and others, Appellants, vs. CIRCUIT COURT, Respondent.

*September 16—October 11, 1949.*

502

For the appellants there were briefs by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *George S. Geffs* and *Jacob Geffs.*

For the respondent there was a brief by *Dexter I. Munson* of Milton Junction, and *Ernest P. Agnew* of Edgerton, attorneys, and *Cunningham & Buell* of Janesville of counsel, and oral argument by *Mr. Robert J. Cunningham* and *Mr. Munson.*

BROWN, J.   Three questions are raised on this appeal:

1. Is the petition of the objectors void for uncertainty?

We conclude that no one was misled by it in the slightest degree, nor is it claimed that anyone was, and under all the circumstances of this case, the protest in form and matter, satisfied the statute.

2. Must the freeholders referred to in sec. 61.07 (1), Stats., be residents of the area proposed to be incorporated?

The statute in question reads:

"61.07 . . . (1)  If prior to the date set for a hearing upon such application there is filed with the court a petition protest-

ing against the incorporation of such village, the court shall deny the application, after satisfying itself that such petition has been signed by a majority of the freeholders or the owners of more than one half of the property by assessed value in the territory proposed to be incorporated; . . ."

Appellant asserts that the words *"in the territory proposed to be incorporated"* is a limitation both on ownership and on residence and to be numbered as a freeholder a party must also be a resident. The trial court held that residence in the affected territory was immaterial, in which we agree. That the interests of nonresident landowners are to be considered and protected is demonstrated by sec. 61.01, Stats., reciting that in tourist and summer-resort areas incorporation is forbidden unless a majority of the nonresident landowners by petition consent to it. We cannot believe that while showing this regard for nonresident owners in one locality the legislature intends to exclude them from all consideration everywhere else. We, therefore, sustain the trial court's interpretation of this portion of sec. 61.07 (1).

3. Can signatures be subtracted from the objectors' petition after it has been filed and the date set for hearing has arrived?

The trial court held that signers could withdraw their names until final action by the court. He thus permitted fifty-seven signers to cancel their objection between the original date of hearing, June 23, 1948, at which some testimony was taken, and an adjourned date, July 7, 1948.

We are referred to *Blooming Grove v. Madison* (1948), 253 Wis. 215, 222, 33 N. W. (2d) 312, in which the court said that, "it was the law of this state, . . . that petitioners could withdraw their names from petitions filed with units of municipal government" and held that until final action is taken on the petition a signer may withdraw his name. We do not consider the case in point because the present petition is not filed with any unit of municipal government and because sec. 62.07 (1), Stats., the annexation statute applicable to

the *Blooming Grove Case,* lacks the limitation on time and the definite command of sec. 61.07 (1), applicable here. This applies also to *La Londe v. Board of Supervisors* (1891), 80 Wis. 380, 49 N. W. 960, cited to us.

Both parties call attention to *In re Incorporation of Twin Lakes* (1938), 226 Wis. 505, 277 N. W. 373. There April 29th was the date stated in the notice of hearing the application for incorporation. The circuit court referred the petitions to a referee who conducted hearings on their sufficiency on June 5th, 6th, and 21st. Protesting petitions were received over objection by the incorporators on April 29th at 4:57 p.m. and on May 13th, but the referee refused to include or consider protests filed later and the protestants appealed from the exclusion.

This court sustained the referee as to the excluded petitions and no question was before it concerning those admitted. It said (pp. 509, 510):

"Whether, to be considered, objecting petitions should have been filed before the hearing of April 29th, the date fixed for applying to the court for an order of incorporation, if, as applicants state, a hearing was held on that day, we need not determine."

In the present proceeding the court permitted twelve names to be withdrawn after hearing on the application had commenced and permitted forty-five more to be withdrawn at a later date. Lacking these signers the trial court was not satisfied that the protesting petition was signed by more than one half the freeholders of the territory involved, nor by the owners of more than one half of the property by assessed value therein.

Three positions are presented by the parties to this appeal. The trial court held that signers of a protesting petition could withdraw their signatures until final action by the court. Respondent does not advocate such latitude but states the proper rule to be that persons who have signed a protesting

petition may withdraw their signatures prior to the time the court takes testimony *as to the sufficiency* of that petition. The appellant asserts that it was error to permit the withdrawal of any names after the date set for hearing.

If, as we believe, the deadline for filing or for modifying protesting petitions has remained an open question following the passage quoted from the *Twin Lakes Case, supra,* it must now be determined and the result must rest on the interpretation given to the words "the date set for a hearing upon such application," as used in sec. 61.07 (1), Stats.

Secs. 61.04 and 61.05, Stats., require the intending applicants to name the day on which they will apply to the circuit court for an order of incorporation with not less than three weeks' notice thereof by publication or posting. The day so named is the only day certain referred to in the sections governing incorporation procedure; it is the only one which the statute commands shall be brought to the attention of interested parties; and is the only one of which such parties are required by law to take notice. It is the only date not subject to be changed without their knowledge by motion or adjournment. On that day and on no other can parties either favoring or opposing incorporation rely and it alone gives to all concerned a point of reference by which they may for themselves, and in advance, calculate the time during which the right is given to object to it. We think the legislature could have intended no other date and therefore hold that the date set in their notice by the intending applicants as that on which they will apply for the order of incorporation is the date prior to which, and only prior to which, a protesting petition may be filed and considered or, by necessary extension, may be modified by the addition or subtraction of its subscribers. We further hold that the hour named in the notice is a part of the date. When, therefore, the day and hour specified in the intending applicants' notice has arrived, the time expires for filing protesting petitions and for modifying the petitions already on file.

Applying the rule stated to the instant case, it became the duty of the circuit court to examine the various petitions as they existed at 10 a.m. on June 23, 1948,—the day and hour of which notice had been given,—and to satisfy itself whether or not there was then, unrevoked, a requisite number of qualified signers of the application for, and the protest against, incorporation. What the subsequent order of the circuit court must be we are not able to determine, for in making the order appealed from the court excluded from its count those who, in our view, withdrew too late, while the objectors do not appear to have included in their calculations nonresident freeholders of real estate, the situs of which is in the territory proposed to be incorporated.

*By the Court.*—Order reversed and cause remanded with directions to determine the sufficiency of the protest as of 10 a.m., June 23, 1948, and thereafter to order or deny incorporation as the sufficiency of the protest requires.