In re Petition for Racine Metropolitan Sewerage District: Certain Electors of the City of Racine, Appellants, vs. City of Racine, Respondent.

*April 11—May 7, 1957.*

For the appellants there was a brief by *Brach, Edwards & Wheeler* of Racine, and oral argument by *Fred W. Wheeler* and *Gilbert E. Brach*.

For the respondent there was a brief and oral argument by *Thomas P. Corbett,* city attorney, and *Jack Harvey,* assistant city attorney.

BROADFOOT, J.   On March 13, 1957, the city of Racine secured an order directing the petitioners to show cause why the appeal should not be dismissed for the reason that it was not taken within the time limited by statute. Argument on that matter was combined with the argument on the merits. The order of dismissal was entered on November 16, 1956, served upon counsel for petitioners on November 21st, and was filed with the clerk of county court on November 26, 1956. Notice of appeal was served upon the city of Racine on

December 18, 1956. This notice was filed with the clerk of county court on January 3, 1957.

It is the contention of the city that sub. (5) of sec. 66.202, Stats., which limits the time for appeal to twenty days after the decree, is applicable. The petitioners contend that the twenty-day limitation is only applicable to a final decree or judgment after hearing on the merits.

Assuming, without deciding, that the twenty-day period is applicable, reference still has to be made to other sections of the statutes governing appeals. The record discloses that the city accepted and retained the appellants' notice of appeal and the briefs in the instant case before any action was taken to dismiss the appeal. This participation is sufficient to waive all objection to the jurisdiction of this court to hear the appeal. See *Guardianship of Barnes,* 275 Wis. 356, 82 N. W. (2d) 211, and cases and statutes therein referred to. The motion to dismiss is, therefore, denied.

The issue to be determined is whether or not signers of the original petition had a right to withdraw their signatures prior to the time set for hearing thereon. The trial court determined that they did have such a right, and we agree with that determination. This court has held that in the case of petitions filed with a public officer, or a municipal board or council, petitioners may withdraw at any time before final action upon the petition. Illustrative of such cases are *La Londe v. Board of Supervisors of Barron County,* 80 Wis. 380, 49 N. W. 960; *Blooming Grove v. Madison,* 253 Wis. 215, 33 N. W. (2d) 312. That rule does not apply here.

On the other hand, this court has held under different statutes that persons signing a petition or remonstrance, which must be filed on or before a certain date, cannot withdraw their signatures as a matter of right after the expiration of the time allowed for filing. One such case is *Cash v. Kruschke,* 134 Wis. 130, 113 N. W. 675. In that case the

proceedings were under the provisions of ch. 54, Stats. 1898, for the establishment of a farm drainage district. It was held that a petitioner has an absolute right to withdraw his signature from the petition before the approval of the petition warranting the appointment of commissioners, and thereafter until the final decision upon the commissioners' report he has a qualified right to withdraw with the permission of the court.

*State ex rel. Tegt v. Circuit Court*, 255 Wis. 501, 39 N. W. (2d) 450, involved a proceeding for the incorporation of a village. Pursuant to statute the petitioners for incorporation published a notice stating that an application for incorporation would be made to the circuit court at 10 a. m. on June 23, 1948. The case involved the right of signers of a petition protesting against the incorporation to withdraw their signatures. The applicable statute was sec. 61.07 (1), Stats. 1947, which read in part as follows:

"If prior to the date set for a hearing upon such application there is filed with the court a petition protesting against the incorporation of such village, the court shall deny the application, after satisfying itself that such petition has been signed by a majority of the freeholders or the owners of more than one half of the property by assessed value in the territory proposed to be incorporated; . . ."

A protest was filed on June 22, 1948, with an affidavit stating that the signers were more than a majority of the freeholders. After the hearing had begun and some testimony had been received the petitioners for incorporation filed a withdrawal signed by some of the signers of the protest. In the decision this court said (p. 506):

"Secs. 61.04 and 61.05, Stats., require the intending applicants to name the day on which they will apply to the circuit court for an order of incorporation with not less than three weeks' notice thereof by publication or posting. The day so named is the only day certain referred to in the sections governing incorporation procedure; it is the only

one which the statute commands shall be brought to the attention of interested parties; and is the only one of which such parties are required by law to take notice. It is the only date not subject to be changed without their knowledge by motion or adjournment. On that day and on no other can parties either favoring or opposing incorporation rely and it alone gives to all concerned a point of reference by which they may for themselves, and in advance, calculate the time during which the right is given to object to it. We think the legislature could have intended no other date and therefore hold that the date set in their notice by the intending applicants as that on which they will apply for the order of incorporation is the date prior to which, and only prior to which, a protesting petition may be filed and considered or, by necessary extension, may be modified by the addition or subtraction of its subscribers. We further hold that the hour named in the notice is a part of the date. When, therefore, the day and hour specified in the intending applicants' notice has arrived, the time expires for filing protesting petitions and for modifying the petitions already on file."

The court held that the signers of the protesting petition had no absolute right to withdraw their signatures after the date set for the hearing on the original petition. The record was remanded with directions to determine the sufficiency of the protest as of 10 a. m., June 23, 1948, and thereafter to order or deny incorporation as the sufficiency of the protest required.

Sec. 66.201 (5), Stats., reads as follows:

"*Objections to district.* Any owner of real property, or the governing body of any municipality having territory within the proposed district, wishing to object to the organization thereof shall, on or before the date set for the hearing, file his or their objections to the formation of such district. Such objections shall be limited to questions of jurisdiction or a denial of the statements of the petition. The necessity for the formation of such district shall be heard by the court as an advanced case and without unnecessary delay."

That statute provides that objectors to the organization of a metropolitan sewerage district shall "on or before the date set for the hearing" file his or their objections. In line with the *Cash* and *Tegt Cases, supra,* petitioners had a right to withdraw their signatures from the original petition at any time prior to the date and hour set for the hearing. Since the withdrawal reduced the number of petitioners seeking the establishment of a metropolitan sewerage district below the number required by statute, the proceedings were properly dismissed.

*By the Court.*—Order affirmed. No costs are to be taxed by either party, except that the clerk's fees are to be paid by the appellants.