IN RE the PETITION TO INCORPORATE the VILLAGE OF
POWERS LAKE, KENOSHA COUNTY:

Donna WALAG, Petitioner's Representative, Petitioner-
Appellant,†

v.

TOWN OF BLOOMFIELD, Town of Randall and State of
Wisconsin Department of Administration,
Respondents-Respondents.

Court of Appeals

*No. 92-1355. Submitted on briefs September 10,
1992.—Decided October 7, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Patrick J. Hudec* and *Gabrielle Boehm* of *Hudec Law Offices, S.C.* of East Troy.

On behalf of the respondent, Town of Randall, there was a motion to dismiss submitted by *Larry D. Steen* of *Godfrey, Neshek & Worth, S.C.,* of Elkhorn.

On behalf of the respondent, the State of Wisconsin, there was a letter memorandum submitted by *James E. Doyle,* attorney general, and *F. Thomas Creeron III,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

BROWN, J.   The Town of Bloomfield, the Town of Randall and the Wisconsin Department of Administration (respondents) join in a motion to dismiss this appeal regarding an incorporation petition on the grounds that judicial review under ch. 227, Stats., is a condition precedent to this appeal. Because sec. 66.017(2), Stats., the statute detailing the method for appealing an incorporation action, requires judicial review under ch. 227 before this appeal may be had and because there was no ch. 227 judicial review, we grant the motion.

On May 20, 1991, a petition to incorporate the proposed Village of Powers Lake in Kenosha county was filed, with Donna Walag acting as the petitioner's representative. After proper notice, the trial court held the appropriate hearing. It found that the petition met the criteria in sec. 66.015, Stats., and referred the petition to the Department of Administration pursuant to sec. 66.014(8)(b), Stats. On April 29, 1992, the department determined that the proposed incorporation did not meet the requirements and notified the trial court. Pursuant to sec. 66.014(9)(f), the trial court dismissed the petition. This appeal was taken from the order dismissing the petition.

The sole issue raised in the appellant's brief is whether the department applied improper standards under sec. 66.016, Stats. The respondents contend that judicial review under the standards set forth in ch. 227, Stats., is necessary before we can review the substance of the department's determination. The respondents rely on sec. 66.017, Stats., for their argument. Section 66.017 states in relevant part:

> **Review of the action. (1)**   The order of the circuit court made under s. 66.014(8) or (9)(f) may be appealed to the court of appeals.
>
> **(2)**   The decision of the department made under s. 66.014(9) shall be subject to judicial review under ch. 227.
>
> **(3)**   Where a proceeding for judicial review is commenced under sub. (2), appeal under sub. (1) may not be taken and the time in which the appeal may be taken does not commence to run until judgment is entered in the proceeding for judicial review.

The respondents argue that the appeal must be dismissed because sec. 66.017(2) requires a judicial review under ch. 227 prior to an appeal. Walag claims that the

661

alternative nature of the remedies in sec. 66.017(1) and (2) is apparent from sec. 66.017(3). She argues that the respondents' interpretation renders sec. 66.017(3) superfluous.

■■■

The parties' conflicting interpretations of the statute raise a statutory construction issue which is a question of law. *Pulsfus Poultry Farms, Inc. v. Town of Leeds,* 149 Wis. 2d 797, 803, 440 N.W.2d 329, 332 (1989). We review *de novo. Id.* at 803-04, 440 N.W.2d at 332. If both conflicting interpretations are facially reasonable, we may resort to legislative history to discern the legislature's intent. *See Wilson v. Waukesha County,* 157 Wis. 2d 790, 795, 460 N.W.2d 830, 832-33 (Ct. App. 1990).

Although there is no present case deciding the issue in Wisconsin, this court recently discussed the question, albeit in *dicta,* in *Town of Delavan v. City of Delavan,* 168 Wis. 2d 566, 574, 484 N.W.2d 343, 346 (Ct. App. 1992). We wrote:

> Incorporation requests follow a certain procedure, including a determination by the Department of Development that the petition meets certain requirements and standards. Sections 66.014(9) and 66.016, Stats. If the department does not approve the petition, the court "shall" dismiss the petition. Section 66.014(9)(f). The department's decision not to approve the petition is subject to review under ch. 227, Stats. Section 66.017(2), Stats. After a judgment is entered in a ch. 227 review, the court order under sec. 66.014(9)(f) dismissing the petition may be appealed. Section 66.017(1).

Thus, in *Town of Delavan,* we said that a direct challenge to the department's decision must be timely commenced under ch. 227, Stats.

What we said in *dicta* in *Town of Delavan* is correct. We see Walag's interpretation as unreasonable because it is obvious that a judicial review under the standards set forth in ch. 227, Stats., is necessary before we can review the substance of the department's determination. Without a ch. 227 review, we would have no record upon which to review the department's determination. Section 66.014(9)(d), Stats., requires that only the findings and determination of the department be filed in circuit court. It is absurd to believe that effective appellate review can be had on the state of that record. The complete record is needed. The complete record is provided by a ch. 227 review. We are obligated to read the statutes to avoid absurd results. *Estate of Evans,* 28 Wis. 2d 97, 101, 135 N.W.2d 832, 834 (1965). We hold that Walag's interpretation is not a reasonable interpretation of the statutes.

Even if we were to hold that Walag's interpretation was reasonable, and thus resorted to legislative history to clear up a dispute between two reasonable alternative readings of the statute, the history would support the respondents. As the department argues, we must read sec. 66.017(2), Stats., relied upon by Walag, in light of the history of that statute and the provisions of sec. 66.017(3). This statute permits only one appeal to the court of appeals when the circuit court orders that a referendum be held.

As originally enacted, sec. 66.017(4), Stats. (1959), the predecessor to sec. 66.017(3), Stats., provided that an appeal could not be perfected "until the circuit court has judicially reviewed the findings and determination of the director pursuant to ch. 227, and . . . the appeal shall not [be] commence[d] until the review has been completed by the circuit court."

The statute was later amended to what is essentially the present version. Section 9, ch. 395, Laws of 1963. The purpose of the amendment was to allow for situations where the circuit court order was more than *pro forma* and was a reasoned decision of that court. For example, circuit court orders that a referendum be held are matters in which the circuit court, not the department, makes the call. The legislative history of the amendment evinces no other intention on the part of the legislature to alter its pre-existing requirements for filing appeals or to create an alternative avenue of appeal from decisions of *the department.*

From the legislative history then, it is clear that orders of the circuit court entered under either sec. 66.014(8), Stats., or sec. 66.014(9)(f) are appealable within the time allowed by sec. 66.017(3), Stats. However, the decision of the department may be reviewed *only* under the procedure and within the time frame specified in sec. 66.017(2) and ch. 227, Stats.

As indicated in the present version of sec. 66.017(4), Stats. (1959), now sec. 66.017(3), Stats., only one appeal may be taken where a party wishes to challenge *both* the department's decision granting an incorporation petition and the circuit court's subsequent order that a referendum be held. The same procedure is followed where a party wishes to appeal both the department's decision and the circuit court's decision concerning the population and area requirements contained in sec. 66.015, Stats. The separate references to sec. 66.014(8), Stats., and sec. 66.014(9)(f) found in sec. 66.017(1) are therefore not superfluous.

Walag argues that the department's reliance on sec. 66.017(3), Stats., is misplaced because that section is only applicable when the circuit court orders that a referendum be held. Because the circuit court did not order

that a referendum be held, Walag asserts that neither the current nor past version of sec. 66.017(3) has any bearing on the issue currently before this court.

We disagree. There is a reason why sec. 66.017, Stats., is written in the manner that it is. This reason is found in the legislative history of sec. 66.017(3). The whole statute is to be read together and harmoniously. We conclude that the legislative history of sec. 66.017(3) explains how the rest of sec. 66.017 applies to the various steps in the incorporation proceeding and, more importantly, *why* the statute is written the way it is.

Walag notes that article I, § 9 of our state constitution provides that every person is entitled to a remedy for injuries or wrongs done to property. She argues that we must construe sec. 66.017, Stats., as a remedial statute and that the statute must be construed liberally to accomplish the remedy.

We have no quarrel with her reading of the constitution, nor do we disagree that we should read the statute liberally to accomplish its purpose. Having said that, we construe the statute as providing a remedy for Walag; she simply did not avail herself of the remedy. We hold that while a party can challenge irregularities in the circuit court's orders directly to the court of appeals, sec. 66.017(2), Stats., by its unambiguous terms must be interpreted as mandatory for a challenge to the department's decision. Walag's appeal challenging the department's decision without first obtaining ch. 227, Stats., review must be dismissed.

*By the Court.*—Appeal dismissed.