IN RE PETITION TO INCORPORATE the VILLAGE OF POWERS LAKE, KENOSHA COUNTY:

Donna WALAG, Petitioner-Respondent,

v.

TOWN OF RANDALL, Respondent-Appellant,†

TOWN OF BLOOMFIELD, Respondent.

Court of Appeals

*No. 96–2987. Submitted on briefs August 4, 1997.—Decided September 24, 1997.*

(Also reported in 570 N.W.2d 623.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Larry Steen* and *Timothy E. Kronquist* of *Godfrey, Neshek, Worth, Leibsle & Conover , S.C.* of Elkhorn.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Patrick J. Hudec* of East Troy.

Before Brown, Nettesheim and Anderson, JJ.

ANDERSON, J.   The Town of Randall (the Town) appeals from an order approving Donna Walag's petition for incorporation of the proposed Village of Powers Lake (the petition).[1] The Town argues that by lining through two signatures, the formal requirements for incorporation were violated, specifically § 66.014(2)(e), STATS., and the petition was invalidated. Because we conclude that § 66.014(2)(e) prohibits the *signatory* of a petition for incorporation from withdrawing *his or her own name* from the petition and because there is absolutely no evidence that either signatory attempted to withdraw his or her respective name, we affirm.

On June 24, 1996, Walag filed a petition to incorporate the Village of Powers Lake pursuant to §§ 66.013 through 66.019, STATS. A hearing was set for August 15, 1996. On August 5, 1996, the Town moved to intervene as a party.[2] Before the hearing, the Town moved to dismiss the petition arguing that the petition was defective because the names of John Kipp and Kimberly Kipp were withdrawn after the Kipps' names were affixed to the petition.

---

[1] This is Walag's second petition for incorporation of the Village of Powers Lake. *See Walag v. Town of Bloomfield*, 171 Wis. 2d 659, 492 N.W.2d 342 (Ct. App. 1992). The department of administration dismissed the first petition based upon its finding that the proposed incorporation did not meet the statutory requirements. *See id.* at 661, 492 N.W.2d at 343. Walag's appeal challenging the department's decision without first obtaining ch. 227, STATS., review was also dismissed. *See Walag,* 171 Wis. 2d at 665, 492 N.W.2d at 345.

[2] Prior to the hearing on August 15, 1996, the Town of Bloomfield moved to intervene as a party as well. The motion was granted. However, the Town of Bloomfield is not a party to this appeal.

At the hearing, Walag testified that her husband Zenon Walag, a circulator, obtained the Kipps' signatures. Walag subsequently reviewed the names and signatures on the petition to verify that everyone was an elector and freeholder in the area to be incorporated. During her review, Walag determined that the Kipps' names did not appear on voter rolls and they were not electors in the area. Walag also testified that she had personal knowledge that the Kipps were Illinois residents. At that point, Walag drew a line through the names of John and Kimberly Kipp so the names would not be counted. Once the Kipps' names were struck, Zenon, the circulator of the petition, signed the affidavit of circulator swearing that the petition was valid. Walag also testified that the Kipps did not ask Walag to withdraw their signatures.

The circuit court denied the Town's motion to dismiss. The court determined that: (1) the deletion of the Kipps' names was effected prior to the filing of the petition which did not violate § 66.014(2)(e), STATS.; (2) the statutes do not require the signatories to personally subscribe their own addresses; and (3) there is no factual evidence to support the Town's allegation that several signatures were forged. The court further found that the requirements of §§ 66.014 and 66.015, STATS., were satisfied. Accordingly, the court referred the petition to the department of administration for further proceedings. *See* §§ 66.014(9) and 66.016, STATS. The Town appeals.

The Town argues that the lining through of the Kipps' signatures by Walag constitutes a withdrawal of their names and invalidates the petition. This argument concerns the interpretation of § 66.014(2)(e), STATS., a question of statutory construction which presents a question of law that we review de novo. *See*

*Walag v. Town of Bloomfield*, 171 Wis. 2d 659, 662, 492 N.W.2d 342, 344 (Ct. App. 1992). In construing a statute, our purpose is to give effect to the intent of the legislature. *See Drangstviet v. Auto-Owners Ins. Co.*, 195 Wis. 2d 592, 598, 536 N.W.2d 189, 190 (Ct. App. 1995). We give the language of an unambiguous statute its ordinary meaning. *See id.* at 599–600, 536 N.W.2d at 191.

Section 66.014(2)(e), STATS., provides in part: "No person who has signed a petition shall be permitted to withdraw his or her name therefrom." We conclude that the statute is clear and unambiguous.

Section 66.014(2)(e), STATS., clearly states that the *person* who signed the petition shall not be permitted to withdraw his or her name. It is undisputed that the Kipps never sought to withdraw their names or personally lined through their names in an attempt to withdraw them. Rather, while verifying the petitions, Walag and Zenon, the circulator, determined that the Kipps were neither electors nor full-time residents. *Walag* then crossed out their names before Zenon signed the verification that all the signatories were electors and freeholders. The fatal flaw with the Town's position is that it focuses on Walag's act of striking the Kipps' signatures, but it never addresses *who* the statute forbids from withdrawing a name. We conclude that Walag's striking through the two invalid signatures, prior to the filing of the petition, does not violate the prohibition on *withdrawal by a signatory*.

Moreover, § 66.014(2)(b), STATS., requires the petition be filed with the circuit court within six months of date of the notice of intent to circulate. " '[P]ersons signing a petition . . . which must be filed on or before a certain date, cannot withdraw their signatures as a

matter of right after the expiration of the time allowed for filing.' " *Nielsen v. Waukesha County Bd. of Supervisors*, 178 Wis. 2d 498, 514–15, 504 N.W.2d 621, 627 (Ct. App. 1993) (quoting *Certain Electors of Racine v. City of Racine*, 1 Wis. 2d 35, 37, 83 N.W.2d 132, 133 (1957)).[3] This language clearly permits the withdrawal of a signatory before the filing of the petition. Even if the striking of the Kipps' signatures constitutes a withdrawal, the Town does not dispute that the signatures were lined through prior to the filing of the petition.

The Town's position further ignores the fact that even with the two signatures lined out, the petition contained the names of fifty or more persons who are both electors and freeholders in the territory to be incorporated. *See* § 66.014(2)(a), STATS. With more than fifty valid signatures, the petition would remain valid even if it had been submitted with the Kipps' signatures and it was then determined that the Kipps were not electors or freeholders.[4]

---

[3] This case is analogous to the situations in *Nielsen v. Waukesha County Bd. of Supervisors*, 178 Wis. 2d 498, 504 N.W.2d 621 (Ct. App. 1993), where residents attempted to create a lake district, and *Certain Electors of Racine v. City of Racine*, 1 Wis. 2d 35, 83 N.W.2d 132 (1957), where city residents attempted to create a sewerage district. In all three cases, the applicable statutes provide for a court hearing where interested parties have the opportunity to voice their opposition or support to the proposed incorporation, *see* § 66.014(4)(a), (5) and (6), STATS.; prescribe a deadline for the filing of the petition and the subsequent hearing, *see* § 66.014(2)(b) and(3)(a); and the court hearing or public hearing is the final action regarding the particular petition, *see* § 66.014(8). *Cf. Nielsen*, 178 Wis. 2d at 514–18, 504 N.W.2d at 627–28; *Certain Electors*, 1 Wis. 2d at 37–40, 83 N.W.2d at 133–35.

[4] Although a circulator should ask if a person is an elector and a freeholder before securing a signature, this is easier said

Finally, Walag moves this court to find that the Town's appeal is frivolous pursuant to § 809.25(3), STATS. An appeal is frivolous within the proscription of the statute when the appellant knew or should have known that the appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. *See Verex Assurance, Inc. v. AABREC, Inc.*, 148 Wis. 2d 730, 735, 436 N.W.2d 876, 878 (Ct. App. 1989). The standard to be applied is an objective one: what would a reasonable person in the position of this litigant know or should have known about the facts and the law relating to the arguments herein presented. *See Stoll v. Adriansen*, 122 Wis. 2d 503, 514, 362 N.W.2d 182, 188 (Ct. App. 1984).

The Town's position is one of first impression relating to withdrawal of signatures and incorporation petitions. Although the arguments the Town presents on appeal are weak, at best, they are not all so lacking in merit that sanctions are warranted. Accordingly, we deny Walag's frivolous costs motion.

---

than done and nothing in the applicable statutes prohibits the circulator from subsequently striking a signature because the person signing does not meet the requisite standards. In fact, the directions for circulation instruct the circulators to sign another petition or their signatures will be invalidated. If the circulator's signature may be invalidated, then certainly another person's signature may be invalidated because he or she does not meet the requirements. To hold otherwise would tie the hands of circulators which is unreasonable considering the fact that they are subject to criminal punishment for falsely swearing. *See* §§ 12.13(3)(a) and 946.32(1)(a), STATS.

*By the Court.*—Order affirmed.