**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**February 21, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1793**

Cir. Ct. No. **2013CV434**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

PINE RIDGE WAUSAU, LLC,

PLAINTIFF-RESPONDENT,

V.

KRIST OIL, CO.,

DEFENDANT-APPELLANT,

CARKELSY, INC.,

THIRD PARTY-BENEFICIARY-RESPONDENT.

APPEAL from a judgment of the circuit court for Marathon County: GREGORY J. STRASSER, Judge. *Affirmed and cause remanded with directions*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Krist Oil, Co., appeals from a judgment awarding $705,093.54 to Pine Ridge Wausau, LLC, and Carkelsy, Inc., based on Krist's violations of an injunction. Krist argues that the circuit court erred by: (1) imposing a remedial contempt sanction under WIS. STAT. ch. 785 (2021-22);[1] (2) retroactively applying our supreme court's holding in *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, 382 Wis. 2d 496, 914 N.W.2d 21; and (3) citing Wisconsin's Unfair Sales Act as an alternative basis for awarding damages to Pine Ridge and Carkelsy.

¶2 We reject Krist's arguments and affirm the circuit court's judgment. We remand for the court to determine the amount of the attorney fees and costs that Pine Ridge and Carkelsy are entitled to recover in connection with this appeal, as provided in the parties' settlement agreement and the injunction. We deny Pine Ridge and Carkelsy's motion for sanctions under WIS. STAT. RULES 809.25(3) and 809.83(2).

## BACKGROUND

¶3 Pine Ridge operates a convenience store in Wausau, Wisconsin. Carkelsy operates a convenience store in Merrill, Wisconsin.[2] Krist operates convenience stores in Minnesota, Michigan, and Wisconsin. As relevant to this appeal, Krist operates a store in Wausau that is located directly across the street

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] At the time of the trial in this case, the same individual served as both the managing member of Pine Ridge and the president of Carkelsy. During the circuit court proceedings, the parties sometimes referred to Carkelsy's Merrill store as "Pine Ridge Merrill."

from Pine Ridge's store. Krist also operates a store in Merrill that is approximately one mile west of Carkelsy's store.

¶4 In May 2013, Pine Ridge filed suit against Krist, asserting that Krist had violated the Unfair Sales Act, WIS. STAT. § 100.30, by selling motor vehicle fuel "at a cost less than that allowed pursuant to [§ 100.30] with the intent or effect of inducing others to purchase motor vehicle fuel from [Krist] or with the intent or effect of unfairly diverting trade from Pine Ridge." Pine Ridge sought damages of at least $336,000; costs, reasonable attorney fees, and accounting fees; and an injunction prohibiting Krist "from selling motor vehicle fuel for less than the minimum selling price." Pine Ridge later filed an amended complaint seeking at least $558,000 in damages.

¶5 On July 2, 2014, Pine Ridge and Krist entered into a written settlement agreement resolving all of Pine Ridge's claims. As part of the settlement agreement, the parties agreed to the entry of a permanent injunction, which was filed with the circuit court. The injunction prohibits Krist, Pine Ridge, and Carkelsy "from violating the Wisconsin Unfair Sales Act as set forth in [WIS. STAT.] § 100.30 with respect to the sale of motor vehicle fuel."[3]

¶6 Both the parties' settlement agreement and the injunction state that if any party violates the injunction's terms, and if the violating party fails to timely cure the violation or violates the injunction more than twice in one year, then the aggrieved party may file a motion to enforce the injunction. The settlement

---

[3] Although Carkelsy was not originally named as a party in the lawsuit between Pine Ridge and Krist, the injunction states that Carkelsy "is a Third-Party Beneficiary of this Injunction."

3

agreement and injunction further provide that if a party moves to enforce the injunction and the circuit court finds that a violation has occurred, the aggrieved party is entitled to recover $4,000 for each day of violation during the applicable calendar year, plus actual attorney fees and costs.

¶7      In August 2015, Pine Ridge and Carkelsy filed a motion to enforce the injunction, claiming that Krist had violated the Unfair Sales Act—and, consequently, the injunction—by running a "Coffee Club" discount program that reduced the price of gas by five cents per gallon for customers who paid with cash. In December 2015, Krist filed its own motion to enforce the injunction, asserting that Pine Ridge and Carkelsy had violated the injunction by instituting certain rewards programs and accepting coupons for "50 cents of free gas."

¶8      In January 2018, Krist filed a motion asking the circuit court to grant summary judgment in its favor on its motion to enforce the injunction. Later that month, Pine Ridge and Carkelsy also moved for summary judgment on Krist's motion to enforce the injunction, asking the court to dismiss that motion. In July 2018, the court entered a written decision and order concluding, as a matter of law, that Pine Ridge and Carkelsy had not violated the injunction. The court therefore denied Krist's motion for summary judgment, granted Pine Ridge and Carkelsy's summary judgment motion, and it dismissed Krist's motion to enforce the injunction.

¶9      The circuit court subsequently held a bench trial on Pine Ridge and Carkelsy's motion to enforce the injunction. At the end of the trial, the court set a briefing schedule for the parties to submit posttrial briefs and proposed findings of fact, conclusions of law, and judgments. Pine Ridge and Carkelsy subsequently submitted a proposed "Procedural Posture, Findings of Fact, Conclusions of Law,

and Judgment," which contained a section entitled "Conclusions of Law and Judgment of Contempt." The proposed judgment stated that Krist had violated the injunction and awarded $160,000 to Carkelsy and $240,000 to Pine Ridge for Krist's violations.

¶10    Krist objected to Pine Ridge and Carkelsy's proposed judgment, asserting that the circuit court could not impose a contempt sanction because Krist's alleged contempt was not continuing and because Krist did not intend to violate the injunction. Thereafter, in their reply brief, Pine Ridge and Carkelsy clarified that they were not seeking to hold Krist in contempt under WIS. STAT. ch. 785 but were instead seeking to enforce the injunction and obtain the damages specified therein. Pine Ridge and Carkelsy asserted that their use of the term "contempt" in the proposed judgment was "nothing more and nothing less than a parlance that is generally utilized when one violates a Court's Injunction." They argued that the court could "simply omit the word 'contempt' without, in any way, mutating the Motion from what it was; a Motion to Enforce the terms of the Injunction that Krist itself stipulated to."

¶11    In April 2022, the circuit court issued a written decision concluding that Krist's Coffee Club program violated the Unfair Sales Act and, consequently, violated the injunction. Specifically, the court concluded that during the year 2015, Krist had violated the injunction for forty days at its Merrill location and for sixty days at its Wausau location. The court therefore determined that Carkelsy was "entitled to a judgment under the Injunction in the amount of $160,000" and that Pine Ridge was "entitled to a judgment under the Injunction in the amount of

$240,000."[4] The court further stated that in addition to asserting that Krist had violated the injunction, Pine Ridge and Carkelsy "also assert[] a claim of contempt." The court concluded, however, that Krist's actions did not "rise to the level of contempt of court."

¶12 The circuit court's April 2022 decision recognized that under the terms of the injunction, Pine Ridge and Carkelsy were entitled to recover their actual attorney fees and costs "incurred in prosecuting [their] Motion to Enforce." After further briefing regarding the amount of attorney fees that Pine Ridge and Carkelsy were entitled to recover, the court entered a final judgment awarding Pine Ridge and Carkelsy a total of $400,000 in damages for Krist's violations of the injunction and $305,093.54 in attorney fees and costs. Krist now appeals.

## DISCUSSION

### I. Contempt

¶13 On appeal, Krist first argues that the circuit court erred by imposing a remedial contempt sanction under WIS. STAT. ch. 785 after specifically finding that: (1) Krist's violations of the injunction were not continuing; and (2) Krist's conduct did not rise to the level of contempt. These arguments fail because the record conclusively shows that the court did not impose a remedial contempt sanction; instead, the court awarded Pine Ridge and Carkelsy damages based on Krist's violations of the injunction.

---

[4] As noted above, the injunction states that an aggrieved party is entitled to recover $4,000 per day for each day of violation during the applicable calendar year. Forty days times $4,000 equals $160,000, and sixty days times $4,000 equals $240,000.

¶14    As noted above, both the parties' settlement agreement and the injunction specifically permit an aggrieved party to file a motion to enforce the injunction. The settlement agreement and injunction further state that the aggrieved party is entitled to recover $4,000 for each day of violation during the calendar year, plus actual attorney fees and costs. Pine Ridge and Carkelsy moved to enforce the injunction, specifically asserting that Krist had violated the injunction. Their motion sought the exact damages prescribed by the injunction and the settlement agreement. Although Pine Ridge and Carkelsy's proposed judgment used the term "contempt," they later clarified that they were not seeking a contempt sanction but were instead seeking to enforce the injunction and recover the damages set forth therein.

¶15    In its written decision, the circuit court interpreted Pine Ridge and Carkelsy as seeking to enforce the injunction and "*also* assert[ing] a claim of contempt."[5]    (Emphasis added.)    The court discussed the legal standards for contempt of court under WIS. STAT. ch. 785, but it ultimately determined that Krist's actions did "not rise to the level of contempt of court." The court further concluded, however, that Krist had violated the injunction and that Pine Ridge and Carkelsy were "entitled to a judgment *under the Injunction*." (Emphasis added.) The court therefore awarded Pine Ridge and Carkelsy the damages specified in the injunction. On this record, it is clear that the court awarded Pine Ridge and

---

[5] On appeal, Krist asserts that the circuit court found "that the remedies set forth in [WIS. STAT. ch.] 785 are the exclusive remedies available." The court did not find, however, that the contempt remedies in ch. 785 were the exclusive remedies available *in this lawsuit*. Rather, the court appropriately recognized that the remedies set forth in ch. 785 are the exclusive remedies *for a contempt claim* under that chapter. *See State ex rel. N.A. v. G.S.*, 156 Wis. 2d 338, 341, 456 N.W.2d 867 (Ct. App. 1990).

Carkelsy damages based on Krist's violation of the injunction, rather than imposing a contempt sanction under ch. 785.

¶16 In its reply brief, Krist argues that a motion to enforce an injunction—like the one that Pine Ridge and Carkelsy filed in this case—*is* a motion for contempt. Krist emphasizes that Pine Ridge and Carkelsy never filed a motion to enforce the parties' settlement agreement, which would have sounded in contract.

¶17 We reject Krist's apparent contention that Pine Ridge and Carkelsy could obtain compensation for Krist's violations of the injunction only through either contempt proceedings or a breach of contract claim. The injunction specifically states that in the event of a violation, the aggrieved party may file a motion to enforce the injunction and is entitled to recover specified damages. Thus, the injunction identifies the method of its own enforcement, and Pine Ridge and Carkelsy followed that method when they moved to enforce the injunction. The circuit court granted Pine Ridge and Carkelsy's motion and awarded them the exact damages specified by the injunction. The court's award of those damages was not tantamount to imposing a contempt sanction under WIS. STAT. ch. 785.

## II. *Tetra Tech*

¶18 Krist next argues that the circuit court erred by retroactively applying our supreme court's holding in *Tetra Tech* when determining that Krist had violated the injunction. Prior to *Tetra Tech*, Wisconsin courts employed a three-tiered methodology when reviewing administrative agencies' conclusions regarding the interpretation and application of statutes. *See Tetra Tech*, 382 Wis. 2d 496, ¶13. "When reviewing those conclusions, [courts gave] them: (1) great weight deference; (2) due weight deference; or (3) no deference at

all." ***Id.*** In ***Tetra Tech***, however, our supreme court "end[ed] [the] practice of deferring to administrative agencies' conclusions of law." ***Id.***, ¶108.

¶19 In the circuit court, Krist argued that its Coffee Club program did not violate the Unfair Sales Act—and therefore did not violate the injunction— because the Wisconsin Department of Agriculture, Trade and Consumer Protection ("DATCP") had allowed Fleet Farm to operate a similar program since 2007. The court rejected Krist's argument, explaining:

> The fact that [the] DATCP, the state agency charged with enforcement of the [Unfair Sales Act], refused to take action against a similar program where Fleet Farm applied earned rebates and refunds, unrelated to motor vehicle fuel, to make up the full posted price on [a] customer's purchase, is not controlling. Under the law, this court is to come to its own conclusion, as to whether any particular program violates the Injunction and, by implication, the incorporated provisions of the [Unfair Sales Act].
>
> This court is not required to defer to [the DATCP's] interpretations of the [Unfair Sales Act]. WIS. STAT. § 227.57(11); and [***Tetra Tech***, 382 Wis. 2d 496, ¶108]. Instead, this court's statutory and regulatory interpretation begin and end with the language of the relevant statute and regulations, if their meaning is plain. ***State ex rel. Kalal v. Circuit Ct. for Dane [Cnty.]***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Here, there is no argument that the applicable statutes are vague or ambiguous. This is because they are not.

(Footnote omitted.)

¶20 Krist argues that the circuit court should not have applied ***Tetra Tech***'s holding retroactively to the DATCP's prior actions approving of Fleet Farm's discount program. Krist acknowledges that Wisconsin courts adhere to the Blackstonian Doctrine, which "provides that a decision which overrules or repudiates an earlier decision is retrospective in operation." ***Fitzgerald v.***

9

*Meissner & Hicks, Inc.*, 38 Wis. 2d 571, 575, 157 N.W.2d 595 (1968). An exception to the Blackstonian Doctrine exists, however, "[w]here contracts have been entered into in reliance upon a legislative enactment as construed by the earlier decisions." *Id.* Krist argues that this exception applies in the instant case because Krist entered into contracts with its supplier, Chambers & Owens, "in reliance upon legislative enactments (the Unfair Sales Act, [WIS. STAT. §] 100.30) as construed by earlier decisions ([the] DATCP's approval of sponsored programs)."

¶21 We agree with Pine Ridge and Carkelsy that Krist's argument regarding the "contract exception" to the Blackstonian Doctrine is undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not address undeveloped arguments). Krist fails to explain why it seeks to apply the contract exception to its contract with Chambers & Owens, the enforcement of which has not been challenged, rather than to its settlement agreement and stipulated injunction with Pine Ridge and Carkelsy. Furthermore, Krist fails to explain how the DATCP's informal nonenforcement policy with respect to Fleet Farm's discount program is the equivalent of a prior precedential court decision that was overturned.

¶22 More importantly, Krist fails to show that the circuit court's decision would have been any different absent the court's single citation to *Tetra Tech*. As mentioned above, prior to *Tetra Tech*, Wisconsin courts employed three levels of deference to agency interpretations of statutes. *See Tetra Tech*, 382 Wis. 2d 496, ¶13. In its brief-in-chief, Krist fails to explain which of these levels of deference would have applied to the DATCP's decisions regarding Fleet Farm's discount program prior to *Tetra Tech*, nor does Krist argue that the court's decision would

have been different had it applied either great weight deference or due weight deference.

¶23    In its reply brief, Krist asserts that prior to ***Tetra Tech***, the circuit court would have been required to give due weight deference to the DATCP's interpretation of the Unfair Sales Act because the DATCP is the agency charged with enforcing that statute.  *See **id.***, ¶15 (explaining that due weight deference applied when the agency was charged with administering the statute in question and had some experience in the area but had not developed expertise placing it in a better position to make judgments regarding the interpretation of the statute than a court).  Again, however, Krist does not explain why the court's ultimate decision would have been different had it applied due weight deference.

¶24    We conclude that even applying due weight deference, the circuit court would have concluded that Krist's actions violated the Unfair Sales Act and, consequently, the injunction.  Under due weight deference, a court was required to defer to an agency's reasonable interpretation of a statute, unless the court determined that another interpretation was more reasonable.  ***Id.***  In order for a statute to have multiple reasonable interpretations, it must necessarily be ambiguous.  *See **Kalal***, 271 Wis. 2d 633, ¶47 ("[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses.").  In contrast, a statute is unambiguous "where no more than one reasonable meaning can be attributed to it." ***State v. William W.***, 180 Wis. 2d 708, 713, 510 N.W.2d 718 (Ct. App. 1993).

¶25    Here, the circuit court concluded that the Unfair Sales Act was unambiguous and that Krist's Coffee Club program violated the Act's unambiguous terms.  In other words, the court concluded that there was only one

11

reasonable interpretation of the Unfair Sales Act. Thus, the court implicitly concluded that the DATCP's prior interpretation of the Unfair Sales Act to allow Fleet Farm's similar discount program was unreasonable. As such, even applying due weight deference, the court would not have deferred to the DATCP's interpretation.

¶26 We therefore agree with Pine Ridge and Carkelsy that the circuit court "would have come to the same conclusion under the old agency case[ ]law." Consequently, the court's citation to **Tetra Tech** provides no basis to reverse the court's ultimate decision that Krist violated the injunction.

## III. Award of damages under the Unfair Sales Act

¶27 Finally, Krist argues that the circuit court erred by relying on the Unfair Sales Act as an alternative basis for awarding damages to Pine Ridge and Carkelsy. In a footnote in its written decision, the court stated:

> To the extent it is ultimately determined on appeal that the penalty provided for under the Injunction is invalid or not enforceable, the court concludes that the penalties under the [Unfair Sales Act] would instead apply and that damages should, in that event, be calculated based upon the same. This is because the [Unfair Sales Act] allows for the penalties, regardless of the Injunction[,] and the court concludes that Krist's Coffee Club Program and diesel fuel sale violated the [Unfair Sales Act], independent of its violation of the Injunction.

Krist contends that the court erred by "awarding an alternative penalty" under the Unfair Sales Act "because no statutory cause of action had been filed in the Circuit Court."

¶28 We agree with Pine Ridge and Carkelsy that the circuit court's reference to the Unfair Sales Act as an alternative basis for awarding damages was

immaterial and does not provide grounds for reversal. The court did not actually award Pine Ridge and Carkelsy damages based on any violations of the Unfair Sales Act; it awarded them damages based on Krist's violations of the injunction. The court merely stated that the Unfair Sales Act would provide an *alternative* basis for its award of damages, in the event that an appellate court determined "that the penalty provided for under the Injunction is invalid or not enforceable." We have rejected Krist's arguments that the court erred by awarding damages under the injunction. As such, there is no need for us to address whether an award of damages would have otherwise been proper under the Unfair Sales Act. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need only address dispositive issues).

¶29 Having rejected all of Krist's appellate arguments, we affirm the circuit court's judgment awarding damages, costs, and attorney fees to Pine Ridge and Carkelsy. We remand for the court to determine the amount of the attorney fees and costs that Pine Ridge and Carkelsy are entitled to recover in connection with this appeal, as provided in the parties' settlement agreement and the injunction.

## IV. Motion for sanctions

¶30 As noted above, Pine Ridge and Carkelsy have filed a motion for sanctions, asserting that Krist filed a frivolous appeal. *See* WIS. STAT.

RULE 809.25(3). Pine Ridge and Carkelsy also ask us to sanction Krist for its violations of the Rules of Appellate Procedure.[6] *See* WIS. STAT. RULE 809.83(2).

¶31 "[A]n appellate court decides whether an appeal is frivolous solely as a question of law." ***Howell v. Denomie***, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. To find an appeal frivolous, the court must conclude either that: (1) the appeal was filed, used, or continued in bad faith, solely for purposes of harassing or maliciously injuring another; or (2) the party or the party's attorney knew, or should have known, that the appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. WIS. STAT. RULE 809.25(3)(c). "To award costs and attorney fees, an appellate court must conclude that the entire appeal is frivolous." ***Howell***, 282 Wis. 2d 130, ¶9.

¶32 In their motion for sanctions, Pine Ridge and Carkelsy assert that "[a]ll of the issues presented in [Krist's] appeal are frivolous" and that Krist and its attorneys knew or should have known that those issues lacked any reasonable basis in law or equity. *See* WIS. STAT. RULE 809.25(3)(c)2. We disagree. "Although the arguments [that Krist] present[ed] on appeal are weak, at best, they are not all so lacking in merit that sanctions are warranted." *See* ***Walag v. Town of Randall***, 213 Wis. 2d 424, 430, 570 N.W.2d 623 (Ct. App. 1997). In particular,

---

[6] Pine Ridge and Carkelsy acknowledge that they are "already … entitled to costs and attorney fees as [prevailing parties] in this matter" under the settlement agreement and the injunction. They argue, however, that "a sanctions order for frivolousness would allow the Court to spread the financial impact to counsel if deemed appropriate." Pine Ridge and Carkelsy also assert that a determination of frivolousness "may … be relevant to the circuit court's discretionary determination in calculating the award." In addition, Pine Ridge and Carkelsy argue that our "general sanctions authority" under WIS. STAT. RULE 809.83(2) "recognizes no express limits, and is not restricted to attorney fee awards."

we cannot conclude that Krist's arguments regarding contempt are completely without merit, as it was Pine Ridge and Carkelsy that initially raised the contempt issue in the circuit court, arguably creating confusion as to the basis for the court's ruling.

¶33    Pine Ridge and Carkelsy also assert that, given the weakness of Krist's appellate arguments, "it would be reasonable to infer" that Krist brought or continued this appeal in bad faith.  *See* WIS. STAT. RULE 809.25(3)(c)1.  We conclude that there is nothing in the record to support an inference that this appeal was filed or continued in bad faith.  While we concur with Pine Ridge and Carkelsy that Krist's appellate arguments are weak, Pine Ridge and Carkelsy cite no legal authority in support of the proposition that a party's advancement of weak arguments on appeal, standing alone, is sufficient to show that the appeal was brought or continued in bad faith.  For these reasons, we deny Pine Ridge and Carkelsy's motion for sanctions under RULE 809.25(3).

¶34    We also deny Pine Ridge and Carkelsy's request for sanctions under WIS. STAT. RULE 809.83(2).  Pine Ridge and Carkelsy correctly note that Krist's brief-in-chief violated our Rules of Appellate Procedure in multiple respects.  Most concerning, Krist failed to provide record citations to support many of the factual allegations in its statement of the case.  *See* WIS. STAT. RULE 809.19(1)(d).  A party's failure to provide adequate record citations dramatically hinders this court's ability to address the issues raised on appeal.  Nevertheless, we conclude that Krist's rule violations do not, at this time, rise to a level significant enough to warrant the imposition of monetary sanctions under RULE 809.83(2).  We admonish Krist's attorneys, however, that future rule violations may result in sanctions.

*By the Court.*—Judgment affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.